## Francis B. Garlin *versus* Hastings Strickland.

In a replevin suit, if the name of the plaintiff be put upon the bond by one without any authority therefor, from the plaintiff, it is not such a bond as the statute requires, although signed by two sureties.

An officer has no authority to serve a writ of replevin, without first taking such bond as the law requires.

Where a *deputy sheriff* took property on a replevin writ, without first taking such bond as the statute requires, and the suit was entered in Court, and judgment rendered in favor of the defendant for a return of the property, with damages and costs; and an execution was issued on the judgment, and a return made thereon by a proper officer, that he could find neither the property replevied, nor property, nor body of the execution debtor; and the judgment creditor brought an action of the case against *the sheriff* for the default of the deputy, alleging in one count, that the service of the replevin writ was made without first having taken to the defendant in that suit "a bond with sufficient sureties," and in another count alleging "the default to be in not returning said replevin writ and bond;" *it was holden,* that the action was barred by the statute of limitations of 1821, c. 52, § 16, unless commenced within four years of the time of the alleged service.

This case came before the Court upon the following report. "Case against the defendant as late sheriff of this county for the default of his deputy, Fowles.

"The first count alleged the default to be in the service of

a replevin writ in favor of one Smith against the plaintiff in this writ, "he, the said Smith, not having first given said Garlin, or the officer for said Garlin's use, a bond with sufficient sureties, &c."

"The second count alleged the default to be in not returning said writ and bond.

"The writ is dated May 9, 1845. General issue and statute of limitations were pleaded.

"The original writ of replevin was dated July 30, 1840, and was returnable and entered at the Oct. Term, district court following.

"The action was finally determined at the January Term of said court, 1844, by the plaintiff's becoming nonsuit. A return of property was ordered, and writ and bond ordered to be placed on file. Judgment was also rendered for $21,00, damages for detention, and $57,93, costs. Execution for return of property, &c. was issued, dated Feb. 19, 1844, and placed in the officer's hands for service, who made return of same that he could not find the horse replevied or any property, or body of defendant.

"When the writ of replevin was issued it was procured by one Hodsdon, (a friend of the plaintiff, Smith,) who then made a bond in usual form, in which said Smith was called plaintiff, and principal, to which bond said Hodsdon then signed Smith's name, as principal, and then signed it himself with one Hunt, as sureties.

"The writ and bond thus executed were placed in the officer's (Fowles') hands for service, who thereupon replevied the property (a horse) and delivered it to one Hunt for plaintiff who immediately drove the horse to the place of residence of said plaintiff and sureties. On his way he met the plaintiff, and informed him of the replevin, but said nothing about the signing of the bond.

"The action was afterwards entered and prosecuted by plaintiff, Smith's, directions to final judgment as aforesaid.

"The writ and bond were never returned to court. Said Hodsdon had no previous authority to sign said Smith's name

to said bond, nor was there any ratification of the signing, except as aforesaid, nor any evidence that Smith knew his name had been so signed. Said bond was under seal by all.

"The defendant offers the deposition of Reuben Seavey to prove that the horse replevied was actually the property of said Smith, the plaintiff objecting to its introduction. If admissible, the Court are to give it such effect as it is legally entitled to.

"The docket, entries in same in said action of replevin, and record of same are also offered by the defendant, and if admissible, plaintiff objecting, are also to have such effect as they are legally entitled to.

"If upon the foregoing facts the Court are of opinion, that the right of action is barred by the statute of limitations, or for other reason the suit is not maintainable, the plaintiff is to become nonsuit. If on the contrary the action is maintainable a default is to be entered and judgment to be rendered for such amount and on such principles as the Court may direct, except as hereafter mentioned.

"The value of the horse in the replevin writ was laid at fifty dollars. The plaintiff also alleged, that the sureties named in said bond were not sufficient, and the defendant alleged their sufficiency.

"If the Court shall be of opinion, that the plaintiff, upon proving the insufficiency of said sureties, in addition to the foregoing facts, can maintain his action, and not without such proof, then this action is to be entered neither party.

"The writ and all other papers in the original suit may be referred to. "Ezekiel Whitman, the justice presiding," &c.

*A. W. Paine,* for the plaintiff.

The bond taken by the officer was in form proper, the name of the plaintiff, in the original suit, was to the bond, and there were two sureties. There was testimony at the trial, that the name of the then plaintiff was put there without authority. He, however, pursued the action, and of course, as the bond and writ were together, saw his name, and ratified the act of his attorney in placing it there, by taking advantage of the

real or supposed benefit arising from the act. And the present plaintiff, by declaring as he has, has treated the bond as if signed by the plaintiff in replevin. There is no ground for saying, that the whole proceedings in court in the replevin suit were void, and that the only remedy was by an action of trespass against the officer for taking the property. Even if he had that right, he was under no necessity of taking that course. 3 Pick. 232; 7 Greenl. 118; 2 Fairf. 71; 12 Wheat. 64; 2 Metc. 163; Stat. 1821, c. 63, § 9.

It must be kept in recollection that the present plaintiff was the *defendant* in the replevin suit. It was wholly uncertain whether he would recover judgment against the plaintiff in that action or not, until judgment was rendered in his favor; and impossible to ascertain the amount of his damages, or have a judgment for a return until that time. There must be a vested, uncontingent, present right, before a cause of action accrues. The injury and damage to the plaintiff could not be ascertained until the judgment was rendered. There could be no damage, until it was determined by the judgment, that the property replevied belonged to the then defendant and present plaintiff, and that he was entitled to a return, and damages for the detention. The cause of action accrues only, when the right to have a return and damages becomes fixed and certain. If the present plaintiff had brought this action before judgment, he must have failed in it. The statute of limitations therefore can furnish no defence to this suit. 2 Greenl. Ev. § 433, 434; *Harriman* v. *Wilkins*, 20 Maine R. 93; 12 Mass. R. 127; 17 Mass. R. 60; 9 Metc. 564; *Bailey* v. *Hall*, 16 Maine R. 408.

Until judgment, the only liability of the officer is to the plaintiff in replevin. After judgment the liability to the plaintiff ceases, and his liability to the defendant in replevin begins.

*D. T. Jewett*, for the defendant, said that if there was no legal bond, then the service of the writ was unauthorized by law, and was in fact no service. It was a mere trespass, a taking of the property without any legal precept. This presents

Garlin *v.* Strickland.

two fatal difficulties. The first, that his action is misconceived, the evidence reported not supporting it. It should have been trespass. *Purple* v. *Purple*, 5 Pick. 226 ; *Cady* v. *Eggleston*, 11 Mass. R. 282. The second is, that as there was no bond, the injury consisted in the taking of the property of the present plaintiff illegally, and the statute of limitations is a complete bar. The sheriff can be holden but four years for any act of his deputy.

If the claim be that the present plaintiff, has suffered in consequence of the return of the officer, that he had taken a sufficient bond, when he had taken none, then the cause of action arose as early as the return day of the writ, and the result must be the same, if the claim be for not returning the writ. In any point of view which can be taken of this case, the statute furnishes a complete bar. Stat. 1821, c. 52, § 16 ; *Williams College* v. *Balch*, 9 Greenl. 74 ; 16 Mass. R. 455 ; 12 Mass. R. 127 ; *Betts* v. *Norris*, 21 Maine R. 314 ; *West* v. *Rice*, 9 Metc. 564.

There is no ground for saying, that there was a ratification of the act of signing after it was done. There is no evidence of it. Besides, this was a paper under seal, a bond, and there can be no ratification of the act of signing and sealing such instrument, but by paper under seal. *Paine* v. *Tucker*, 21 Maine R. 138.

The opinion of the Court, Tenney J. concurring in the result only, was drawn up by

Whitman C. J. — There seems to be no question but that the defendant's deputy had the writ of replevin in his possession, for the purpose of being served, as alleged by the plaintiff ; and it must be presumed to have been in common form. In such case the mandate was to replevy the goods, &c. provided the plaintiff gave to the defendant a bond, with sufficient surety or sureties, to restore the property, &c. and to return the writ and bond, to the court named in the writ. It is very clear, from the case as reported, that the deputy neither took a bond of the plaintiff as required, or made any return to the

Court. If, therefore, the proper action to be brought is trespass on the case, the plaintiff, upon the general issue, would seem to have made out a good case.

A bond appears to have been prepared, and probably in due form ; but, instead of being executed by the principal, or any one authorized by him for the purpose, the plaintiff's name in that suit was put to it by one, who afterwards signed it as surety, and who had no authority from the principal to put his name or seal to it. It is immaterial whether the sureties were good or not ; for not being executed by the principal, or any one having authority from him for the purpose, the deputy had no legal right to take the goods from the possession of the present plaintiff; and in doing so he became a trespasser ; and was amenable, in an action of trespass *vi et armis* or trover, for the goods. *Purple* v. *Purple & al.* 5 Pick. 226. Such would be the appropriate remedy. The injury was direct and immediate, and not consequential. Whether a special action of the case is sustainable in such case may at least admit of a doubt.

In cases like the present it does not seem, that the not returning of the writ and bond formed a legitimate ground of complaint, on the part of the plaintiff. He has proved, in effect, according to his first count, that no bond as required by the statute, was taken. If none was taken none could be expected to be returned. The allegation that the bond had not been returned supposes, necessarily, that one had been taken. The proper and only ground of complaint, that no bond had been taken, which is alleged and proved, is the gravamen, if any, to be relied on. The statute does not require, if there be no bond taken, that one shall be returned. Such a requirement would be absurd : and if the statute does not require it, the not doing it is no ground of complaint. The plaintiff's only ground of complaint, therefore, arises from the wrongful taking of his property, when wrested from him, under color of authority when none existed. It is much like the case of an attachment of property to secure a debt, when the Court issuing the writ commanding the attachment, has

no jurisdiction ; or perhaps, more like a lawful attachment of property, and a failure to complete the service by leaving a summons the requisite time before Court, whereby an officer would become a trespasser *ab initio.* In either case the ground of complaint, for which an action would lie in favor of him whose property had been taken, would not be for not returning the writ. His only remedy would be by an action of trover or trespass *vi et armis,* against the officer making such a void attachment, or those who had ordered or co-operated with him in making it.

The statute of limitations in such case must begin to run from the time the trespass was committed. The case of *Harriman* v. *Wilkins,* 20 Maine R. 93, is not applicable to such a case. In that case, (an action of replevin,) a bond was taken, duly executed, both by the principal and surety. The officer had duly returned that he had, pursuant to his precept, taken a bond. The defendant had a right to rely upon his return so made. He had no right to a suit upon the bond till judgment in his favor had been rendered, nor until there had been a breach of its condition. *Plaintiff nonsuit.*