HENRY A. JONES and another,

*vs.*

GRAND TRUNK RAILWAY COMPANY.

Cumberland.   Opinion February 8, 1882.

*Statute of limitations.*

In an action for damages against a railroad company for unreasonable delay in the transportation of merchandise where a portion of such unreasonable delay occurred more than six years prior to the date of the writ and continued so that a portion of the delay was within the six years; *Held,* That whatever damage was occasioned by such delay as occurred more than six years before the commencement of the suit, was barred, but. such damage as was occasioned by inexcusable delay within that time was recoverable.

ON EXCEPTIONS.

An action of the case brought by the surviving partners of the firm of Blake, Jones and Company, to recover damages for unreasonable delay in the transportation of several lots of flour, amounting in all to four thousand two hundred and twelve barrels, shipped over the defendants' road in the fall of 1866.   Of this quantity twelve hundred barrels arrived at destination subsequent to December 24, 1866.

The writ was dated December 24, 1872.  The plea was general issue and statute of limitations.  The verdict was for two thousand and forty-seven dollars, and defendants alleged exceptions.

The opinion states the material facts.

*Charles F. Libbey,* for the plaintiffs, cited, upon the question considered in the opinion : *Betts* v. *Norris,* 21 Maine, 324 ; *Bank of Hartford County* v. *Waterman,* 26 Conn. 324 ; *Hardy* v. *Ryle,* 9 B. and C. 608 ; *Brotherton* v. *Wood,* 3 Brod. and Bing. 4 (54 E. C. L.) ; Angell, Lim. (6th ed.) 320, 321 ; 2 Redf. Railways (4th ed.) 14.

*J. and E. M. Rand,* for the defendants.

It appears that all the flour was (from some cause which defendants are now unable to explain) a long time in transit. It should have arrived and been delivered to plaintiffs in the month of October, 1866, except two lots due November 9 and 17. We submit that the plaintiffs' several causes of action accrued at the expiration of the time when the several lots of flour ought to have arrived; that all accrued prior to November 20, 1866. Yet plaintiffs did not commence their action until December 24, 1872, more than six years after their several causes of action accrued. And that their entire claim is barred by the statute of limitations.

We think it quite clear that plaintiffs' causes of action accrued at the expiration of a reasonable time for the transportation and delivery of the flour; that they could then have commenced their action; and that the failure to commence an action within six years of such expiration bars all claim. That such is the well-settled law. The elementary works all lay it down as a settled principle that the cause of action arises immediately on the happening of the default, and is not postponed to the damage thereby occasioned; that the statute begins to run from the breach of duty, and not from the damage thereby occasioned.

If one is guilty of negligence whereby injury occurs, six years from time of neglect will bar the action, although the injury has occurred within the six years. 3 Parsons, Contracts, part 2, sect. 6.

In *Wilcox* v. *Plummer*, 4 Peters, 172, the court say, the question is whether the statute runs from the time the action accrued, or from the time that the damage is developed or becomes definite. And court say, it is well settled that it runs from time action accrued. See also, Angell on Limit. sects. 42, 136, 137, 141, and cases there cited; *Battley* v. *Faulkner*, 3, B. and A. 288.

Plaintiffs were not obliged to receive the flour after the expiration of a reasonable time for its transportation and delivery; — could immediately have sued for its value, — and its receipt afterward would have affected amount of damage. Suppose flour never had arrived and never been delivered; when would plaintiffs

have had a right of action? We apprehend, at the expiration of a reasonable time for its transportation and delivery.

WALTON, J. The only question is whether the plaintiffs' claim is barred by the statute of limitations. It is a claim to recover damages for delay in the transportation of flour. The plaintiffs shipped several lots of flour during the fall of 1866. All of it ultimately arrived and was delivered to the plaintiffs; but none of it arrived in season. Some of it arrived more and some of it less than six years before the commencement of the suit. The plaintiffs concede that their claim for damages, with respect to so much of the flour as arrived more than six years before the commencement of the suit, is barred. The defendants claim that it is barred with respect to the remainder, because the delay had become unreasonable, and, consequently, a right of action had accrued, more than six years before the commencement of the suit. They contend that the subsequent delay — that is, the delay within six years — can have no other effect than to enhance the damages. The plaintiffs, on the contary, contend that the wrong was a continuing one; and that, it having been continued till within six years of the commencement of the suit, the action is maintainable.

We think the plaintiffs' view is the correct one. It must be remembered that the defendants had possession of the plaintiffs' property. So long as it was negligently withheld, so long the plaintiffs were wrongfully deprived of the use of it. It is not a case where the wrong is complete as soon as the delay becomes unreasonable. It is not a case where the lapse of time only makes manifest the injury which had before been committed. It is the case of a continuing wrong. Every day's delay may be the cause of additional damage. Every day's continuance of the delay, like the continuance of a nuisance, or the continuance of a trespass, by occasioning new damage, creates a new cause of action. One day's delay may occasion little or no damage. Another day's delay may create great damage. Whatever damage is occasioned by such delays as occurred more than six years before the commencement of the suit, is, of course, barred. But such damage as has been occasioned by inexcusable delays

within that time, may, we think, be recovered. Such, in substance, was the ruling of the judge who presided at the trial. We think the ruling was correct.

*Exceptions overruled. Judgment on the verdict.*

APPLETON, C. J., BARROWS, VIRGIN, LIBBY and SYMONDS, JJ., concurred.