Freeborn G. Smith *vs.* Louis T. Fisher, Sheriff.

A. without authority from B. executed in B.'s name a replevin bond.

*Held*, not to be such a bond as is required by the Statutes of Rhode Island, which prescribe a bond executed by the plaintiff or " some one in his behalf."

After service of the replevin writ B. under seal ratified the act of A.

*Held*, that the ratification could not, without the defendant's consent, validate the service of the writ, as a valid bond is a condition precedent of valid service.

A plea in abatement of a replevin writ was sustained.

*Held*, that the court could not give judgment for return and restoration.

Replevin. On plea in abatement to the writ. Heard by the court, jury trial being waived.

This case was brought in the Court of Common Pleas, and came to this court by the defendant's appeal. The bond given when the replevin writ was issued is as follows:

" Know all men, that we, Freeborn G. Smith, of New York, in the County of New York and State of New York, as principal, and John B. Pearce and Isaac F. Williams, both of Bristol, in the County of Bristol and State of Rhode Island, as sureties, are firmly bound to Louis T. Fisher, Sheriff of Bristol County, in the sum of six hundred dollars, being double the value of the goods and

chattels replevied, to be paid to said Louis T. Fisher, his executors, administrators, or assigns, to which payment we bind ourselves, our several and respective heirs, executors, and administrators jointly and severally by these presents.

" Sealed with our seals and dated this sixteenth day of October, A. D. 1878, at said Bristol.

" The condition of this obligation is, that whereas said Freeborn G. Smith hath commenced an action of replevin against said Louis T. Fisher for one upright Bradley piano, numbered 15197, before the Court of Common Pleas, at their next term to be holden in Bristol, within and for the County of Bristol, on the first Monday of May, A. D. 1879. Now if said Freeborn G. Smith shall prosecute said writ of replevin to final judgment, and pay such damages and costs as said Louis T. Fisher shall recover against him, and shall also return and restore the same goods and chattels in like good order and condition as when taken, in case such shall be the final judgment on said writ, then this obligation shall be void, otherwise shall remain and be in full force and effect.

" FREEBORN G. SMITH,   [L. S.]

By S. B. Spinning, *Agent.*

" JOHN B. PEARCE,        [L. S.]

" ISAAC F. WILLIAMS.   [L. S.]

" Signed, sealed, and delivered in presence of

"SAM'L P. COLT."

As it did not appear that Spinning was authorized by Smith to execute the bond, the defendant pleaded in abatement of the writ on the ground that the writ was not accompanied by the statutory bond. The plaintiff put in evidence a ratification under seal of S. B. Spinning's act in signing the replevin bond, executed September 25, 1879, by Freeborn G. Smith.

*Providence, April* 1, 1882. PER CURIAM. The question is whether a replevin bond, signed in the name of the plaintiff in replevin by another person professing to sign it as the plaintiff's agent, but having no authority so to sign it, is such a bond, if otherwise in due form, as will authorize the service of the writ of replevin, or, if not, whether the bond can be made good retroactively, so as to authorize the maintenance of the action by subsequent ratification. We are very clear that such a bond is not the

bond prescribed by statute, and consequently that it will not authorize the service of the writ. The bond required by the statute is a bond with sufficient sureties executed either by the plaintiff or " some one in his behalf." The bond here was not executed by the plaintiff, either in person or by attorney, nor was it executed by any one in his behalf ; for the signer merely signed the name of the plaintiff as obligor, signing it as agent when he had no authority, and did not himself sign it as obligor in the plaintiff's behalf. It follows, the bond being prerequisite to valid service, that the service was void. *Whitford* v. *Goodwin, ante*, p. 145 ; *Purple* v. *Purple*, 5 Pick. 226 ; *Garlin* v. *Strickland*, 27 Me. 443, 445. We are also very clear that the service, being originally invalid, cannot be validated without the consent of the defendant by any subsequent ratification. To hold that it can would be to hold that the condition *precedent* to valid service can be created *after* the service, which is preposterous. *Brahn* v. *New Jersey Forge Co.* 38 N. J. Law, 74 ; *Pickard* v. *Perley*, 45 N. H. 188. The writ must therefore be abated. But if we abate the writ on the defendant's plea for want of service, we do not see how we can give him judgment for return and restoration. Unless he consents to the jurisdiction, we cannot give judgment even in his favor on the subject matter of the suit. The most we can do is to give him judgment with costs on the preliminary matter at issue, namely, on the question of service or jurisdiction.

*Judgment for defendant abating the writ, with costs.*

*Colwell & Colt*, for plaintiff. ·

*Bosworth & Champlin*, for defendant.