MARJORIE C. TANTISH
*vs.*
DR. ANDREW SZENDEY

Somerset.    Opinion, June 30, 1962.

*Carl R. Wright,* for plaintiff.

*Locke, Campbell, O'Connor, and Lund,* for defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, SIDDALL, JJ.   DUBORD, J., did not sit.

WILLIAMSON, C. J.   This malpractice action is before us on report and an agreed statement of facts.   The defendant

surgeon contends that the action is barred by the statute of limitations. For our purposes in testing the applicability of the statute it appears: that the alleged negligence lies in the failure of the defendant to remove a tubing inserted by him in the plaintiff's back in the course of an operation on September 5, 1956; that the defendant treated the plaintiff through October 27, 1956; that the plaintiff was not aware until July 21, 1958 of a foreign substance, that is to say, of the tubing, in her back, or of consequential damage and injury therefrom; that the defendant had no knowledge of the tubing in the plaintiff's back until after the discovery thereof by the plaintiff; and that the present action was commenced on July 20, 1960 by service of a complaint and summons on the defendant. Maine Rules of Civil Procedure, Rule 3.

The plaintiff makes no charge of negligence on the part of the surgeon during the postoperative period ending October 27, 1956. The negligence of which she complains consists only of the failure to remove the tubing on the completion of the operation. There is no assertion of negligence in failing to find and remove the tubing at a later time. We also note there is no suggestion of fraudulent concealment of the situation by the defendant which might under certain circumstances toll the statute. Further, there is no charge that the plaintiff failed reasonably to discover the tubing prior to July 21, 1958. In brief, we have before us the application of the statute of limitations to the case wherein a foreign substance was negligently left in the patient's body by the surgeon in the course of an operation in September 1956 and not reasonably discovered until July 1958, with no fraudulent concealment or other negligence on the part of the surgeon.

The statute of limitations reads:

"Actions for assault and battery, and for false imprisonment, slander, libel and malpractice of phy-

sicians and all others engaged in the healing art shall be commenced within 2 years after the cause of action accrues." R. S., c. 112, § 93.

The decisive question is this: When did the action accrue? If the action accrued at the time of the operation in September 1956, the statute is a bar. If the action accrued when the tubing was discovered in July 1958, the action was seasonably brought.

In our opinion the action accrued at the time of the operation and specifically when the surgeon failed to remove the tubing on completion of the operation. The nature and time of the negligent act charged is tied plainly and with certainty to the fact of the operation.

On the one hand there is what appears to be justice for the patient in commencing the accrual of the right of action when the negligence of the defendant is discovered, or reasonably should have been discovered and not before. How, says the patient, may I as a practical matter bring an action until the wrong, that is to say, the failure to remove the foreign substance, is known to me?

On the other hand, the surgeon may with justice urge that the statute of limitations is a statute of repose designed by the Legislature to cut off claims which grow increasingly stale with greater age. The production of evidence and records necessary to meet malpractice claims becomes progressively more difficult with time.

Meritorious claims may, it is true, be barred by commencing the running of the statute from the time of the negligent act when discovery is later made. Statutes of limitations in general, however, in their operation cut off both meritorious and unmeritorious claims. It is well understood that the purpose of such statutes is to bring repose and security to persons who might otherwise be faced for long periods with the possibility of meeting claims under more difficult con-

ditions. The decision here rests upon the choice to be made between competing policies.

In the event the discovery of the legal wrong comes after the expiration of the statutory period of limitations, there is obviously a hardship to the plaintiff. The possibility of hardship, however, does not, in our opinion, outweigh the need of certainty in establishing the time when an action accrues under the circumstances here disclosed. In retrospect the time of the particular wrongful act is here readily fixed. We do not have the case of negligence arising in the course of continuous treatment. In such a case it would be difficult and perhaps impossible to determine the precise moment in which a particular negligent act or acts occurred.

In the instant case the tubing was discovered in July 1958 about six weeks less than two years after the operation. Within this period the plaintiff could have commenced her action with no question of the applicability of the statute. The relative lack of hardship to the plaintiff arising from the discovery before and not after the two-year period, however, is given no weight by us in determining the applicable rule. It is more properly material for the Legislature to consider in fixing the statutory period.

In placing the accrual of the action at the time of the operation, we follow the weight of authority, namely, that the cause of action accrues from the date of the wrongful act or omission. Annot., 80 A. L. R. (2nd) 368, 387, 388, 397.

In *Cappuci* v. *Barone*, 266 Mass. 578, 165 N. E. 653, 654, in which a surgeon had failed to remove a piece of gauze and a gauze sponge in the course of an operation, the principle is stated as follows:

> "Upon this branch of the defense the single question is, When did the cause of action accrue? The defendant as a surgeon, on May 11, 1924, impliedly

undertook to use care in the operation which he was about to perform. Any act of misconduct or negligence on his part in the service undertaken was a breach of his contract, which gave rise to a right of action in contract or tort, and the statutory period began to run at that time, and not when the actual damage results or is ascertained, as the plaintiff contends. The damage sustained by the wrong done is not the cause of action; and the statute is a bar to the original cause of action although the damages may be nominal, and to all the consequential damages resulting from it though such damages may be substantial and not foreseen."

See also *Maloney* v. *Brackett*, 275 Mass. 479, 176 N. E. 604.

In New York it has been held that a malpractice action accrues when a wrongful act is committed and not as of the date damage was discovered or reasonably should have been discovered. *Budoff* v. *Kessler*, 135 N. Y. S. (2nd) 717; *Golia* v. *Health Insurance Plan of Greater New York*, 177 N. Y. S. (2nd) 550; Affirmed 197 N. Y. S. (2nd) 735; *Dorfman* v. *Schoenfeld*, 203 N. Y. S. (2nd) 955. Other illustrative cases are: *Murray* v. *Allen* (Vt.), 154 A. 678; *Giambozi* v. *Peters* (Conn.), 16 A. (2nd) 833. (See comment 144 A. L. R. 211); *Shearin* v. *Lloyd* (N. C.), 98 S. E. (2nd) 508.

The contrary view is taken by the New Jersey Court in *Fernandi* v. *Strully*, 173 A. (2nd) 277 (1961), in which it was held that "the period of limitations on a cause of action for malpractice based on negligent failure to remove a foreign object from patient's body during course of an operation began to run when the patient knew or had reason to know about the foreign object and existence of a cause of action based upon its presence; . . ." An earlier decision *Weinstein* v. *Blanchard*, 162 A. 601, was disapproved by the court insofar as it embodied a contrary view. The arguments for and against the rule and the competing policies

are ably set forth in opinions of Justice Jacobs for the court and of Justice Hall in dissent.

The precise question of when an action for malpractice accrues in the undiscovered foreign substance situation has not arisen in our Maine cases. It is of interest, however, that in the Federal Courts it became necessary to find and apply Maine law. Metallic needle fragments left in the plaintiff's body in the course of an operation at the Veterans' Administration Hospital in Togus in 1947 were not discovered until 1954. The Court of Appeals, First Circuit, held that under the Federal Tort Claims Act a "claim accrues" when a private person similarly situated would become suable under the law of the state. In *Tessier* v. *United States*, 269 F. (2nd) 305, 309, Judge Magruder, writing for the court, said:

> "The tort alleged by appellant Tessier took place in Maine. It seems clear that the law of that state gave him a right of action as soon as the metal fragments were abandoned in him. There was a legal wrong on June 7, 1947, and suit thereon was not suspended because of any duty imposed on the United States to remove the fragments. See Jones v. Grand Trunk Railway Co., 1882, 74 Me. 356; Perkins v. Maine Central R.R. Co., 1881, 72 Me. 95. See also Wilcox v. Plummer, 1830, 4 Pet. 172, 29 U.S. 172, 7 L. Ed. 821. Hence his claim accrued within the meaning of 28 U.S.C. § 2401 (b) in 1947."

Continuing wrongs in distinction from the situation in *Tessier* and here are illustrated in the Maine cases cited above. *Jones* involved damages for inexcusable delay in delivery of flour, and *Perkins* was an action of trespass. In *Wilcox* v. *Plummer, supra*, the Supreme Court held, in the words of the headnote:

> "The cause of action against an attorney, for negligence in not bringing an action on a note left with him for collection, or for bringing the action in a

wrong name, accrues to the creditor by and at the date of such negligence, and the statute of limitations then begins to run, though the actual damage from the negligence is not suffered till afterwards."

There is language in an earlier Maine case which requires a brief explanation. In *Harriman* v. *Wilkins*, 20 Me. 93, involving application of statute of limitations against a sheriff for taking insufficient sureties, we said at p. 97:

"The defendant's counsel contended, that the action barred by the Statute, c. 62, § 16, which provides 'that all actions against sheriffs for the misconduct or negligence of their deputies shall be commenced and sued within four years next after the cause of action.' An action upon the case to recover damages for such misconduct or neglect cannot be maintained without proof of actual injury. Whether the plaintiff in this case would be injured by the misconduct of the officer could not be known, until he had recovered judgment for a return of the property, and the defendant in replevin had failed to restore it. The general rule in actions of tort is that the statute commences to run from the time when the consequences of the act arise or happen, and not from the time when the act was done. *Roberts v. Read*, 16 East, 215; *Gillon v. Boddington*, 1 C. & P. 541. The cases relating to the negligence of attorneys, cited for the defendant, were actions of assumpsit, in which a different rule prevails."

The statement of the general rule in actions of tort was unnecessary to the decision of the case and is not, in our view, applicable to the circumstances of the case before us. *Roberts* v. *Read, supra,* and *Gillon* v. *Boddington, supra,* the English cases cited in support of the statement, each involved an excavation rightfully made by the defendant which later caused the wall of the plaintiff to fall. The action in each instance was held to accrue not with the innocent act, but when the consequential damage occurred.

See comment in *Betts* v. *Norris*, 21 Me. 314, 318, and on the *Gillon* case in *Wilcox* v. *Plummer, supra,* at p. 44.

In *Betts v. Norris, supra,* our court, in holding that the statute in an action against an officer for negligence in attaching real estate ran from the time of his return on the writ or its return in the court and not when the damage was sustained, in commenting with approval on *Wilcox* v. *Plummer, supra,* said at p. 324:

> "From a careful examination of that case, it will seem to be difficult to infer, that the statute of limitations, in any case of nonfeasance or misfeasance, unaccompanied by fraudulent concealment, should be considered as beginning to run from any time, other than that at which the act of nonfeasance or malfeasance actually took place. The substantive cause of action then takes place; and whatever may follow, or flow from it, is but incident thereto, and must follow the fate of the primary cause."

See also *Garlin* v. *Strickland*, 27 Me. 443, 449.

The Legislature over the years has established different periods of limitations for different types of cases. For example, under the general statute of limitations the period is six years "after the cause of action accrues," R. S., c. 112, § 90; and in suits against a sheriff for escape, one year, and for his misconduct, four years, R. S., c. 112, § 92. In 1931 the Legislature reduced the period in malpractice cases from six to two years. R. S., c. 112, § 93, *supra.* See *Miller* v. *Fallon,* 134 Me. 145, 183 A. 416. In actions by a married woman for alienation of affections, the bar operates three years "after the discovery of such offense." R. S., c. 166, § 41.

The statutes noted illustrate the concern of the Legislature for appropriate limitations upon access to the courts.

In Connecticut we find that the Statute of Limitations in malpractice cases carries the interesting combination of a short period from discovery coupled with a longer period from the time of the act.

> "No action. . . malpractice. . . shall be brought but within one year from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of." Connecticut Gen. Stat. Anno. § 52-584.

Missouri provides that the cause of action "shall not be deemed to accrue (until) the damage resulting therefrom is sustained and is capable of ascertainment." Missouri Rev. Stat. § 516. 100 (1959).

In Arkansas a two year limitation in malpractice after the cause of action accrues, provides that "the date of the accrual of the cause of action shall be date of the wrongful act complained of and no other time." Arkansas Statutes § 37-205 (1947). See *Crossett Health Center* v. *Croswell* (Ark.), 256 S. W. (2nd) 548, in which even under this statute a malpractice action arising from an undiscovered foreign substance was held not barred after seven years on the theory of fraudulent concealment (which is not here suggested) and continuing negligence until discovered (which we do not accept).

Additional material of interest on the statute of limitations in malpractice actions includes: Annot. in 74 A. L. R. 1317; 144 A. L. R. 209; 63 Harv. L. Rev. 1177, 1200, 1222, Developments — Statutes of Limitations; 41 Am. Jur., *Physicians and Surgeons* pp 233, 234; 70 C. J. S., *Physicians and Surgeons* pp 983; 25 Insurance Counsel Journal 237, The application of statutes of limitations to actions against

physicians and surgeons; 30 N. Y. U. L. Rev. 1563, 1630; 32 Ind. L. J., 528; 64 Dick. L. Rev. 173.

To summarize, we are of the view that the action for malpractice in the circumstances of the instant case accrued at the time of the operation and not upon discovery of the foreign substance. Change in the statutory period of limitations must come from the Legislature and not from the court. The plaintiff's action is barred by the statute.

The entry will be

*Judgment for defendant.*