**Mayland L. CLARK, Plaintiff, Appellant,**

**v.**

**Albert GULESIAN, Defendant, Appellee.**

**No. 7581.**

United States Court of Appeals, First Circuit.

Submitted July 2, 1970.

Decided July 15, 1970.

**406**

Errol K. Paine, Paine, Cohen & Lynch, Bangor, Me., and RisCassi, Davis & Linnon, Hartford, Conn., on brief for plaintiff, appellant.

Roger A. Welch, Weeks, Hutchins, Frye & Welch, Waterville, Me., Lewis V. Vafiades, Bangor, Me., on brief for defendant, appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

ALDRICH, Chief Judge.

This is a diversity action for malpractice. In 1952, when the plaintiff was ten years old, he was given emergency surgical treatment by the defendant physician. Allegedly his health was poor thereafter, and in 1969 he underwent further surgery. Allegedly at this time a towel was discovered in his abdomen which had been left there during the original operation and which had continuously interfered with his digestive system, and consequently caused his poor health. Defendant pleaded the Maine statute of limitations. Concededly this statute applies, and, concededly, under it, even under such circumstances as this, the cause of action accrues at the time of the wrongful act. Tantish v. Szendey, 1962, 158 Me. 228, 182 A.2d 660; cf. Tessier v. United States, 1 Cir., 1959, 269 F.2d 305, 309. The district court dismissed the complaint, and plaintiff appeals.

Plaintiff's first argument on this appeal is that the Maine statute, as interpreted and applied in *Tantish*, is unconstitutional as a denial of equal protection and due process. For this novel contention he cites no direct authority of any sort. While state courts disagree in their approach as to when, under circumstances such as these, the cause of action accrues, defendant points out that no majority opinion has based its decision on constitutional grounds. For a recent review of authorities see Flanagan v. Mount Eden General Hospital, 1969, 24 N.Y.2d 427, 301 N.Y.S.2d 23, 248 N.E.2d 871 (adopting a contrary rule). As we pointed out in *Tessier*, supra, at 269 F.2d 310, this is a policy decision. The rights are not one-sided. Unfortunate as the present result may be for the plaintiff, the state may reasonably recognize that a defendant has an interest in repose, and in the avoidance of stale claims, however free from fault the claimant's delay may be. Such a conclusion does not deprive the plaintiff of any constitutional right to fair or equal treatment.

The plaintiff's alternative claim is that the statute has not run because there has been a continuing injury. The asserted continuing duty to remove a foreign object is inconsistent with the rule established by *Tantish*, since it would avoid the bar of the statute of limitations in every such case. We must therefore reject a continuing negligence theory which is based solely on the initial wrongful act. In fact, the Maine court, in surveying the law of other states, explicitly rejected this approach, although the issue had not been raised by the plaintiff there. *Tantish*, supra, 158 Me. at 236, 182 A.2d 660.

Finally, the plaintiff can have no claim for continuing negligence apart from the constructive one of a duty based upon the original conduct. There has been no separate act of malpractice in connection with subsequent treat-

ment. In fact the plaintiff has not even seen the defendant since 1957.

In this case we inaugurate the practice established by our new Local Rule 6, paragraph 2d, which, in turn, is patterned upon the practice in some other circuits, notably the Fifth. Where we find the issues to be manifestly simple and clear, and the parties' legal citations, supplemented by our own research, fully dispositive of those issues, and the members of the court unanimously conclude that no useful purpose could be served by oral argument, oral argument will be dispensed with. We find this to be such a case.

The judgment of the district court is affirmed.