**Linda CLARK et al.**

**v.**

**Linus STITHAM et al.**

Supreme Judicial Court of Maine.

Argued Nov. 14, 1983.

Decided Dec. 7, 1983.

Strout, Payson, Pellicani, Cloutier, Hokkanen, Strong & Levine, Esther R. Barnhart (orally), Joseph M. Cloutier, Rockland, for plaintiffs.

Gross, Minsky, Mogul & Singal, Jules L. Mogul (orally), Rudman & Winchell, David C. King (orally), Edith A. Richardson, Bangor, for defendants.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

MEMORANDUM OF DECISION.

This foreign objects medical malpractice case, which arose out of a surgical operation performed in 1973, was commenced on September 15, 1982, within two years after the alleged malpractice was discovered. Nonetheless, the Superior Court (Piscataquis County) dismissed the action, *see Tantish v. Szendey,* 158 Me. 228, 182 A.2d 660 (1962), because this court, in enunciating the discovery rule in *Myrick v. James,* 444 A.2d 987 (Me.1982), had declared that the new rule would apply only to operations performed subsequent to May 4, 1982.

The Superior Court in the case at bar correctly anticipated our decision in *Box v. Walker,* 453 A.2d 1181 (Me.1983). Under the pre-*Myrick* law that is applicable to them, the present plaintiffs are barred by the two-year statute of limitations. They cite no authority to support their novel ar-

gument that their equal protection rights are violated if they are not given the benefits of the same discovery rule applied for the benefit of the plaintiffs in *Myrick v. James,* and we cannot find any such authority. *See Great Northern Railway Co. v. Sunburst Oil & Refining Co.,* 287 U.S. 358, 364, 53 S.Ct. 145, 148, 77 L.Ed. 360 (1932).

The entry is:

Judgment affirmed.

All concurring.