Bruce A. **MYRICK**

v.

**CENTRAL MAINE MEDICAL CENTER.**

Supreme Judicial Court of Maine.

Argued Sept. 17, 1985.

Decided March 25, 1986.

Murray, Plumb & Murray, Ellyn C. Ballou (orally), E. Stephen Murray, Portland, for plaintiffs.

Richardson, Tyler & Troubh, Wendell G. Large (orally), Elizabeth G. Stouder, Harri-

son L. Richardson, Portland, for defendants.

Before McKUSICK, C.J., and NICHOLS, VIOLETTE, WATHEN and GLASSMAN, JJ.

PER CURIAM.

On September 11, 1984, the Superior Court (Androscoggin County) granted summary judgment for defendant Central Maine Medical Center (the Hospital) in the present foreign-object surgical malpractice case brought against it by Joan and Bruce Myrick[1] on account of operations done at the Hospital in 1973 and 1958. The Superior Court read our decisions in *Myrick v. James*, 444 A.2d 987 (Me.1982), and *Box v. Walker*, 453 A.2d 1181 (Me.1983), to deny application of the newly declared discovery rule to the Myricks' cause of action against the Hospital arising out of surgical procedures occurring in 1973 and before. On the Myricks' appeal,[2] we affirm.

In their action against the Hospital, the Myricks allege that the Hospital's agents so negligently performed a partial hysterectomy on Mrs. Myrick on May 17, 1973,[3] as to cause a surgical sponge to remain in her body and not to be discovered until nearly seven years later. The Myricks commenced this action against the Hospital on April 27, 1981. Previously, in 1980, the Myricks had brought a malpractice action against the surgeon, Dr. John A. James, who performed the 1973 operation. That earlier and separate action against the surgeon was dismissed by the Superior Court, which held, relying upon *Tantish v. Szendey*, 158 Me. 228, 182 A.2d 660 (1962), that under the two-year statute of limitations applicable to "physicians and all others engaged in the healing art"[4] the Myricks' malpractice cause of action accrued on the date of the injury, that is, the date of the operation in 1973, not the date of the sponge discovery in 1980. On appeal, we vacated that dismissal, "holding that a foreign-object surgical malpractice action accrues under section 753 when the plaintiff discovers, or, in the exercise of reasonable care and diligence, should discover the presence of the foreign object in her body." *Myrick v. James*, 444 A.2d at 996. In that opinion issued on May 4, 1982, we also declared the temporal application to be given the newly pronounced discovery rule in other malpractice cases. Although we gave the Myricks in that case against Dr. James the "fruit of their victory" in order not to "destroy any incentive for the private litigant to challenge outmoded rules of law," *id.* at 1001, we specifically limited the discovery rule to malpractice incidents occurring on or after May 4, 1982. *Id.* at 1002. Subsequently, in *Box v. Walker*, 453 A.2d at 1182–83, we strictly applied the prospective-only rule of temporal application laid down in *Myrick v. James* and affirmed the dismissal of a malpractice ac-

---

1. Joan Myrick died on January 1, 1983. Bruce Myrick now is the party plaintiff both in his own right and as the personal representative of his late wife's estate. We here will continue to refer to the Myricks as the plaintiffs in the action against the Hospital.

2. The Hospital has cross-appealed from the Superior Court's ruling that the Myricks' notice of appeal, which was filed 45 days after entry of the summary judgment for the Hospital, was timely under the "excusable neglect" exception to M.R.Civ.P. 73(a). In the unique circumstances of the case at bar, we find no error in the Superior Court's determination of excusable neglect.

3. The Myricks amended their complaint in 1983 to allege alternatively that the sponge was left in Mrs. Myrick's body during a 1958 operation conducted by the same physician at the Hospital or its corporate predecessor.

4. 14 M.R.S.A. § 753 (1980) provides in full:

 Actions for assault and battery, and for false imprisonment, slander, libel and malpractice of physicians and all others engaged in the healing art shall be commenced within 2 years after the cause of action accrues.

tion based on alleged professional negligence at a time prior to May 4, 1982.

The statute of limitations governing the present action against the Hospital is 24 M.R.S.A. § 2902,[5] which in specific terms applies to "[a]n action for damages for injury or death against ... any hospital ... arising out of patient care." Even though a different two-year statute is involved (but one with identical operative language), the same reliance interests that impelled us to declare in *Myrick v. James* that the discovery rule would not apply to pre-May 4, 1982, acts of alleged malpractice, work to bar this action against the Hospital. In their present suit against the Hospital, the Myricks cannot get the benefit of the "fruit of their victory" exception to the prospective-only ruling of *Myrick v. James.* The Myricks have already been rewarded for their diligence in obtaining in their suit against Dr. James a judicial rejection of the *Tantish* date-of-injury rule. In subsequently and independently asserting their separate cause of action against the Hospital the Myricks do not stand any differently than Mr. and Mrs. Box in *Box v. Walker,* 453 A.2d 1181, or the plaintiffs in any other malpractice case arising out of an incident occurring before May 4, 1982.

 We do not reach, and therefore do not express any opinion on, the question whether a discovery rule should be applied to the statute of limitations governing a malpractice suit against a hospital. Even if a discovery rule, rather than the traditional date-of-injury rule, were now declared to apply, we would in any event not extend such a new rule to an incident that occurred before the issuance of the *Myrick v. James* decision. Until that decision, reliance on the date-of-injury rule by health care professionals and institutions was not unreasonable. *See id.* at 1002. This court will not consider on its merits the question whether the discovery rule is available to a particular plaintiff in a suit against such a professional or institution except in circumstances where the question arises in regard to alleged medical malpractice that took place on or after May 4, 1982.

The entry is:

Defendant's cross-appeal denied.

Judgment for defendant affirmed.

All concurring,

---

5. 24 M.R.S.A. § 2902 (Supp.1985–1986) provides in full:

 An action for damages for injury or death against any nurse licensed under Title 32, chapter 31; any hospital or its employee, whether based upon tort or breach of contract or otherwise, arising out of patient care, shall be commenced within 2 years after the cause of action accrues.