Lester R. STEARNS and Anna
H. Stearns

v.

Lloyd ROBERTS.

Supreme Judicial Court of Maine.

Argued Nov. 19, 1985.

Decided March 25, 1986.

---

Strout, Payson, Pellicani, Cloutier, Hokkanen, Strong & Levine, James W. Strong (orally), Rockland, for plaintiffs.

Berman, Simmons & Goldberg, P.A., Paul F. Macri (orally), Jack H. Simmons, Lewiston, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

PER CURIAM.

Plaintiffs Lester and Anna Stearns appeal from the order of the Superior Court (Knox County) dismissing their medical malpractice action against Dr. Lloyd Roberts, a practicing pathologist, on the ground that it was barred by the applicable two-year statute of limitations, 14 M.R.S.A. § 753 (1980). Plaintiffs contend that the Superior Court should have applied a discovery rule in determining the date of accrual of their cause of action based on the defendant pathologist's misdiagnosis of a tissue sample. Defendant made his diagnosis in April 1981, but the fact it was erroneous was not discovered until January 1983. Plaintiffs brought their suit in early 1985, within the statutory period after the date of discovery.

The Superior Court was correct in rejecting plaintiffs' argument for application of a discovery rule to an act of alleged malpractice occurring prior to May 4, 1982, the date on which this court in *Myrick v. James*, 444 A.2d 987 (Me.1982), first rejected the traditional date-of-injury rule in a medical malpractice case. Whether the discovery rule should be extended to diagnostic malpractice will be considered by this court only in a case where the misdiagnosis takes place on or after May 4, 1982. *See Myrick v. Central Maine Medical Center*, 506 A.2d 1156 (Me.1986), decided today. Before that date, reliance on the date-of-injury rule by health care professionals and institutions was not unreasonable. *See id.* at 1157, citing *Myrick v. James*, 444 A.2d at 1002.

The entry is:

Judgment of dismissal affirmed.

All concurring.