Tammy T. KENNEDY, et al.

v.

Preston A. McLEAN, et al.

Supreme Judicial Court of Maine.

Argued March 21, 1989.

Decided March 22, 1989.

J. Hilary Billings (orally), Bangor, for plaintiffs.

Gail Fisk Malone (orally), Rudman & Winchell, Bangor, for McLean.

Lewis V. Vafiades, Amy Faircloth (orally), Vafiades, Brountas & Kominsky, Bangor, for Shubert.

Daniel A. Pileggi (orally), Gross, Minsky, Mogul & Singal, Bangor, for Eastern Maine Medical Center.

Before McKUSICK, C.J., and WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

McKUSICK, Chief Justice.

 We affirm the dismissal of the untimely medical malpractice action brought by Tammy T. Kennedy and her husband John in the Superior Court (Penobscot County; *Chandler, J.*). Contrary to the Kennedys' contention, their cause of action accrued at the time of Tammy Kennedy's first pregnancy and delivery in 1980 when the defendants allegedly failed to exercise due care in diagnosing and treating the blood group incompatibility between her blood and her child's. Even if the Kennedys are correct that a later pregnancy in 1986 was the first reasonable opportunity for them to discover that Tammy had developed Rh-factor antibodies, the discovery rule we first propounded in *Myrick v. James*, 444 A.2d 987 (Me.1982), does not apply in any case in which the date of injury is earlier than the date of the *Myrick* opinion, May 4, 1982.[1] *Id.* at 1002.

In *Myrick* we restricted even the prospective scope of the newly declared discovery rule to foreign-body surgical malpractice. Any extension of the new rule to other types of injury occurring on or after May 4, 1982, we expressly "le[ft] open for future case-by-case adjudication." *Box v. Walker*, 453 A.2d 1181, 1183 (Me.1983). We have never at any time stated or suggested the possibility that recovery could be extended to injuries of any kind occurring before the May 4, 1982, cutoff date, and we expressly held in *Stearns v. Roberts*, 506 A.2d 1158, 1159 (Me.1986) (per curiam), that *if* any diagnostic malpractice claim could be held to accrue on the date of discovery, the date of injury must be on or after May 4, 1982. If *Stearns* standing alone would leave any doubt as to the significance of that date for *any* medical malpractice action, it was resolved by another case decided the same day as *Stearns*. In *Myrick v. Central Maine Medical Center*, 506 A.2d 1156 (Me.1986) (per curiam), we held that the same plaintiffs who had prevailed against a surgeon in *Myrick v. James* were time-barred in their separate action, arising from the same surgical procedure, against the hospital where the operation was performed. We explained:

> Until [the *Myrick I*] decision, reliance on the date-of-injury rule by health care professionals and institutions was not unreasonable. This court will not consider on its merits the question whether the discovery rule is available to a particular plaintiff in a suit against such a professional or institution except in circumstances where the question arises in regard to alleged medical malpractice that took place on or after May 4, 1982.

*Id.* at 1158 (citation omitted).

The entry is: Judgment affirmed.

All concurring.

---

1. There is no merit in the Kennedys' alternative contention that they were not injured until the 1986 pregnancy and that their action is therefore timely even under the date-of-injury rule. A preventable blood abnormality posing such a serious risk of grave fetal harm that it renders the plaintiff effectively sterile is an actionable injury, and the Kennedys allege that Tammy Kennedy suffered precisely that injury in 1980.