**No. 79SA323**

**Darlene M. Mishek v. Robert P. Stanton**

(616 P.2d 135)

Decided September 8, 1980.                    Rehearing denied September 29, 1980.

Sandra I. Rothenberg, for plaintiff-appellant.

Hansen and Breit, P.C., John L. Breit, William H. ReMine, III, for defendant-appellee.

*En Banc.*

JUSTICE ROVIRA delivered the opinion of the Court.

The plaintiff-appellant, Darlene M. Mishek ("plaintiff"), brought an action against the defendant-appellee, Dr. Robert P. Stanton ("defendant"), alleging negligence and battery in providing medical services to the plaintiff during the birth of her daughter. On the basis of the six-year statute of limitations contained in section 13-80-105, C.R.S. 1973, the trial court granted the defendant's motion for summary judgment. The plaintiff

appealed the trial court's ruling to the court of appeals, and the appeal was transferred to this court pursuant to sections 13-4-102(1)(b) and 13-4-110(1)(a), C.R.S. 1973. We affirm the judgment of the trial court.

I.

The childbirth and medical services on which this case are based occurred on March 10, 1966. In her complaint, filed in the trial court on December 29, 1977, the plaintiff alleged that the defendant had been negligent in administering specified medications to her during childbirth because those medications were administered in overdoses and were "unnecessary and detrimental to the health and safety" of the plaintiff and her daughter. The complaint also alleged that certain of the medications were administered by the defendant without the plaintiff's informed consent.

Further, the complaint stated that the plaintiff had been "unsuccessful in discovering the nature of [the] medications [administered by the defendant] despite repeated and diligent efforts, until on or about December 30, 1975," that she had been unaware until that date of the connection between the medications and the health problems of which she complained, and that the defendant. had "knowingly and willfully concealed from [the plaintiff] the type . . . and extent of medication administered to her prior to and during the birth of her child."

In his answer, the defendant cited section 13-80-105, C.R.S. 1973, as a bar to the plaintiff's causes of action for negligence and battery. Subsequently, the defendant filed a motion for summary judgment based on that statute. The trial court granted the motion, relying specifically on the six-year limitations period set forth in the final sentence of section 13-80-105, C.R.S. 1973:

"No person shall be permitted to maintain an action, whether such action sounds in tort or contract, to recover damages from . . . any person licensed in this state or any other state to practice medicine . . . on account of the alleged negligence or breach of contract of such person in the practice of the profession for which he is licensed or on account of his failure to possess or exercise that degree of skill which he actually or impliedly represented, promised, or agreed that he did possess and would exercise, unless such action is instituted within two years after the person bringing the action either discovered or in the exercise of reasonable diligence and concern should have discovered the seriousness and character of his injuries and the negligence or breach of contract which gave rise to such action. *In no event may such action be instituted more than six years after the act or omission which gave rise thereto,* except where the action arose out of the leaving of an unauthorized foreign object within the body of such person.'' (Emphasis added.)[1]

---

[1] The statute at issue has been amended by the legislature and now appears as section 13-80-105, C.R.S. 1973 (1979 Supp.). *See* Colo. Sess. Laws 1977, ch. 198, 13-80-105 at 816 and Colo. Sess. Laws 1976, ch. 90, 13-80-105 at 527.

## II.

The complaint and answer in this case clearly set up a genuine issue of material fact as to the date on which the plaintiff, pursuant to the exercise of reasonable diligence, should have discovered the defendant's alleged negligence. *See* C.R.C.P. 56(c). Nonetheless, for the limited purpose of his successful argument in support of the motion for summary judgment, the defendant conceded the accuracy of the plaintiff's allegation that she did not discover the "type . . . and extent" of medications administered to her until December 30, 1975. The trial court based its ruling on this concession of fact, and the defendant has made no contrary argument on appeal.

Therefore, we will proceed on the basis that no genuine issue of fact exists with respect to the initial discovery by the plaintiff on December 30, 1975, of the defendant's alleged negligence. The trial court properly concluded that the plaintiff's cause of action accrued on that date, *Owens v. Brochner,* 172 Colo. 525, 474 P.2d 603 (1970), and that the statute of limitations in effect on December 30, 1975, section 13-80-105, C.R.S. 1973, applies to the plaintiff's causes of action, *Valenzuela v. Mercy Hospital,* 34 Colo. App. 5, 521 P.2d 1287 (1974).

In this case, the "act or omission" which gave rise to the plaintiff's causes of action occurred on March 10, 1966. The plaintiff's suit, however, was not instituted until December 29, 1977, more than eleven years later. In our view, therefore, the trial court was correct in holding the plaintiff's suit to have been barred by the plain language of the final sentence of section 13-80-105, C.R.S. 1973, as of March 10, 1972.

## III.

Both in the trial court and on appeal, the plaintiff has argued that the defendant is equitably estopped from asserting section 13-80-105, C.R.S. 1973, as a bar to her causes of action, on the grounds that he fraudulently concealed his alleged negligence from her. The plaintiff's theory is that until December 30, 1975, she discovered neither the nature of the medications administered by the defendant nor, as a result, his alleged negligence, because she was prevented from reviewing the hospital records which detailed the types and amounts of those medications.

However, the plaintiff's theory concerning fraudulent concealment by the defendant is based only on the "mere allegations" of her complaint. *See* C.R.C.P. 56(e). The complaint contains only an unsupported statement to the effect that the defendant acted "knowingly and willfully" to conceal the plaintiff's causes of action. At no point in her pleadings, depositions, answers to interrogatories, or arguments in opposition to the

defendant's motion for summary judgment has the plaintiff "set forth specific facts showing that there is a genuine issue for trial" as to the defendant's alleged fraudulent acts. *See* C.R.C.P. 56(e). Specifically, the plaintiff has neither pleaded nor proved that the defendant was connected with or responsible for the nonavailability to her of her hospital records. In the context of the defendant's motion for summary judgment, therefore, the plaintiff's "mere allegations" of fraudulent concealment by the defendant are insufficient to set up a genuine issue of fact as to the defendant's asserted fraudulent acts and, accordingly, as to the equitable estoppel urged by the plaintiff. C.R.C.P. 56(e); *Fritz v. Regents of the University of Colorado,* 196 Colo. 335, 586 P.2d 23 (1978); *Bunger v. Uncompahgre Valley Association,* 192 Colo. 159, 557 P.2d 389 (1976); *Norton v. Dartmouth Skis, Inc.,* 147 Colo. 436, 364 P.2d 866 (1961).

IV.

The plaintiff also contends that the application to her of the six-year statute of limitations contained in the final sentence of section 13-80-105, C.R.S. 1973, violates the due process clauses of the state and federal constitutions (*U.S. Const.* amend. XIV; *Colo. Const.* Art. II, Sec. 15). The limitations period set out in section 13-80-105 commences to run against a litigant in the plaintiff's position as of the date of the "act or omission" which gave rise to her cause of action. It was added to section 13-80-105 during the 1971 Session of the General Assembly, as a companion to the two-year limitations period contained in the statute, which begins to run as of the date on which the "person bringing the action either discovered or in the exercise of reasonable diligence and concern should have discovered the seriousness and character of his injuries and the negligence . . . which gave rise to such action." *See Colo. Sess. Laws* 1971, ch. 232, 87-1-6 at 952. The plain language of the 1971 act demonstrates a legislative intent to follow the "strict" rule as to the date on which the new six-year limitations period commences to run, while applying the "liberal" rule to the date on which the retained two-year limitations period commences. *See Owens v. Brochner,* 172 Colo. 525, 474 P.2d 603 (1970); *Rosane v. Senger,* 112 Colo. 363, 149 P.2d 372 (1944).

The general rule is that a statute of limitations, including a statute which is to be applied retroactively, does not violate due process "unless the time fixed by the statute is manifestly so limited as to amount to a denial of justice." *Oberst v. Mays,* 148 Colo. 285, 292, 365 P.2d 902, 905 (1961); *Town of DeBeque v. Enewold,* 199 Colo. 110, 606 P.2d 48 (1980); *Wichelman v. Messner,* 250 Minn. 88, 83 N.W.2d 800 (1957). "The legislature is the primary judge of whether the time allowed . . . is reasonable." *Oberst v. Mays, supra,* 148 Colo. at 292, 365 P.2d at 905; *Wichelman v. Messner, supra.* In this case, the plaintiff does not contend that the time period subsequent to the passage of the 1971 act within which she could have brought her cause of action against the defendant

(*i.e.,* the period between the effective date of the act, May 22, 1971, and the date as of which the new six-year limitations period ran with respect to the plaintiff's cause of action, March 10, 1972) was so unreasonably short as to violate due process. Rather, she contends that the legislative decision to commence the running of the new statutory period as of the date of the defendant's alleged wrongful or negligent act or omission, *i.e.,* the decision to follow the "strict" rule with respect to the new limitations period, constitutes a denial of due process because of the possibility that an injured party's cause of action might be barred at the end of the applicable six-year period even though she had not yet become aware of its existence. We do not agree under the facts of this case.

■ In our view, the legislative decision implicated in the adoption of the "strict" rule with respect to the new six-year limitation period contained in section 13-80-105, C.R.S. 1973, is well within the legislative discretion recognized in *Oberst v. Mays* and *Wichelman v. Messner, supra,* particularly in view of the fact that one of the primary purposes for the adoption of statutes of limitations is to "forestall the prosecution of stale claims." *Colorado State Board of Medical Examiners v. Jorgensen,* 198 Colo. 275, _____, 599 P.2d 869, 872 (1979), *citing Rosane v. Senger, supra.* As pointed out in *Clark v. Gulesian,* 429 F.2d 405 (1st Cir. 1970), *cert. denied,* 400 U.S. 993, 91 S.Ct. 461, 27 L.Ed.2d 441 (1971): "[T]his is a policy decision. The rights are not one-sided . . . . [T]he state may reasonably recognize that a defendant has an interest in repose, and in the avoidance of stale claims, however free from fault the claimant's delay may be. Such a conclusion does not deprive the plaintiff of any constitutional right to fair or equal treatment." *Id.,* 429 F.2d at 406.
*Accord, Ornstein v. Regan,* 604 F.2d 212 (2d Cir. 1979).[2]

### V.

■ As her final argument on appeal, the plaintiff contends that "no reasonable basis exists for separating medical and healing professionals from other professionals and lay persons and granting them the special protection afforded by the six-year maximum statute of limitations" and therefore section 13-80-105, C.R.S. 1973, violates constitutional provisions guaranteeing equal protection and the state constitutional prohibition against special legislation. This argument was rejected in *McCarty v. Goldstein,* 151 Colo. 154, 376 P.2d 691 (1962), and the plaintiff, on the facts of this case and under the statute in effect at the time, has not persuaded us to depart from the reasoning or result of that decision. *See also Bailey v. Clausen,* 192 Colo. 297, 557 P.2d 1207 (1976); *Anderson v.*

---

[2] However, we do not reach the question whether a shorter statute of limitations violates due process.

*Wagner,* 79 Ill.2d 295, 37 Ill. Dec. 558, 402 N.E.2d 560 (1980).
The judgment of the trial court is affirmed.