**Sara COX, Plaintiff–Appellant,**

v.

**Dilworth JONES, Defendant–Appellee.**

**No. 89CA0759.**

Colorado Court of Appeals,
Div. III.

June 7, 1990.

Rehearing Denied July 5, 1990.

Certiorari Granted Dec. 24, 1990.

David A. Bauer, P.C., David A. Bauer, Lakewood, for plaintiff-appellant.

Hall and Evans, William James Barber, Christine Van Coney, Denver, for defendant-appellee.

Opinion by Judge NEY.

Plaintiff, Sara Cox, appeals from the dismissal of her complaint against defendant, Dilworth Jones. We reverse.

The complaint filed on October 11, 1988, alleged that plaintiff was injured on October 7, 1986, when her automobile was struck by a vehicle negligently operated by defendant. Defendant filed a motion to dismiss pursuant to C.R.C.P. 12(b)(5) and for attorney fees, asserting that plaintiff's

claim was barred by the general two-year statute of limitations for tort actions.

The trial court determined that the cause of action accrued on October 7, 1986, the date of the accident, and that the complaint was not filed within the two-year statute of limitations for tort actions, §§ 13–80–102(1)(a) and 13–80–108(1), C.R.S. (1987 Repl.Vol. 6A). Therefore, the trial court granted the motion to dismiss and awarded defendant reasonable attorney fees pursuant to § 13–17–201, C.R.S. (1987 Repl.Vol. 6A). This appeal followed.

Plaintiff initially contended that the trial court erred in determining that her cause of action accrued on the date of the collision rather than on the date plaintiff satisfied the "threshold" provision of the Colorado Auto Accident Reparations Act (Act) contained in § 10–4–714(1)(e), C.R.S. (1987 Repl.Vol. 4A). However, upon order of this court, supplemental briefs have been filed addressing the applicability of § 13–80–101(1)(j), C.R.S. (1987 Repl.Vol. 6A), a three-year statute of limitations, as the appropriate statute to be applied to this cause.

As a result, the determinative issue before us is whether the general two-year statute of limitations for tort actions, § 13–80–102(1)(a), bars plaintiff's claim, or whether her cause of action is governed by § 13–80–101(1)(j). C.R.S. (1987 Repl.Vol. 6B), the more specific three-year statute of limitations for causes of action arising under the Act.

Section 13–80–101(1)(j) provides:

"The following civil actions, regardless of the theory upon which suit is brought, or against whom suit is brought, shall be commenced within three years after the cause of action accrues, and not thereafter:

. . . .

"(j) All actions under the 'Colorado Auto Accident Reparations Act', part 7 of article 4 of title 10, C.R.S. . . . .

The purpose of the Act is to avoid inadequate compensation to victims of automobile accidents, to require registrants of motor vehicles to procure insurance, and to provide benefits to occupants of vehicles.

Section 10–4–702, C.R.S. (1987 Repl.Vol. 4A). The Act specifically limits direct tort recovery benefits, § 10–4–713, C.R.S. (1987 Repl.Vol. 4A), as well as the bringing of tort actions. Section 10–4–714, C.R.S. (1987 Repl.Vol. 4A). *See Pistora v. Rendon,* 765 P.2d 1089 (Colo.App.1988).

Statutory terms are to be given effect according to their plain and obvious meaning. *Charnes v. Lobato,* 743 P.2d 27 (Colo.1987). Absent a clear expression of contrary legislative intent, a statute of limitations specifically addressing a particular class of cases controls over a more general or catch-all statute of limitations. *Persichini v. Brad Ragan, Inc.,* 735 P.2d 168 (Colo.1987). Moreover, it is a fundamental rule of statutory construction that each clause and sentence of a statute must be presumed to have purpose and use, and that purpose and use cannot be ignored by the courts. *See Colorado General Assembly v. Lamm,* 700 P.2d 508 (Colo.1985).

The defendant urges that § 13–80–101(1)(j) is applicable only to actions brought by an insured against his insurer based on the insurance contract between the parties and, consequently, does not apply under the facts here. The defendant bases this construction upon the phrase *"under* the Colorado Auto Accident Reparations Act." Such an interpretation, however, is much too narrow and neither comports with the plain language of the statute nor its legislative intent. Indeed, if the defendant's proposed construction were to reflect the intent of the General Assembly then § 13–80–101(1)(j) would be rendered surplusage, because § 13–80–101(1)(a) already provides a three-year statute of limitation for contract actions.

Because § 13–80–101(1)(j) specifically addresses the particular class of cases represented by this case, unlike the more general § 13–80–108(1)(a), and because its language is plain, we conclude that § 13–80–101(1)(j) is the appropriate statute of limitations.

Because the action was filed within three years of the accident, we do not decide

whether the date of collision, rather than the date plaintiff met the Act's "threshold" provisions, commences the running of the statute of limitations.

The judgment of dismissal is reversed, and the cause is remanded for reinstatement of plaintiff's complaint.

STERNBERG and JONES, JJ., concur.