Maureen L. DOVE, Plaintiff–Appellant,

v.

Laura L. DELGADO, Defendant–Appellee.

No. 90SA307.

Supreme Court of Colorado, En Banc.

April 15, 1991.

Malman & Malman, P.C., Jerome S. Malman, Denver, for plaintiff-appellant.

Creamer and Seaman, P.C., Thomas J. Seaman and Thomas J. Jirak, Denver, for defendant-appellee.

Justice VOLLACK delivered the Opinion of the Court.

The plaintiff, Maureen L. Dove (Dove), appeals the trial court's order granting summary judgment in favor of defendant, Laura L. Delgado (Delgado). We affirm.

### I.

On January 27, 1987, an automobile accident occurred between Dove and Delgado, resulting in injuries to Dove. Soon after the accident, Dove notified Delgado and Delgado's insurer of her injuries and claim.

On March 23, 1989, Dove filed this action in the District Court for the City and County of Denver. In her complaint, she alleged that Delgado "negligently and carelessly drove a vehicle into an automobile driven by the plaintiff." Dove further claimed that she sustained serious injuries as a direct and proximate result of Delgado's negligence, and that her damages exceeded the threshold amount of $2,500 as required under section 10–4–714(1)(e), 4A C.R.S. (1987), of the Colorado Auto Accident Reparations Act.

Delgado answered, citing the two-year statute of limitations under section 13–80–102(1)(a), 6A C.R.S. (1987), as a bar to Dove's negligence claim. On May 23, 1989, Delgado filed a motion for summary judgment, seeking dismissal of Dove's tort action because more than two years had elapsed between the date of the accident and the filing of the lawsuit in violation of section 13–80–102(1)(a). In her response to Delgado's motion for summary judgment, Dove argued that section 13–80–102(1)(a) was unconstitutional because it violated due process and equal protection of the laws. Dove further argued that Delgado must be equitably estopped from asserting section 13–80–102(1)(a) as a bar to her cause of action.

The trial court granted the defendant's motion for summary judgment, finding that the case had not been filed within the two-year statute of limitations and that section 13–80–102(1)(a) was not unconstitutional. Dove appealed to the court of appeals, and, based on the constitutional issues raised, the appeal was transferred to this court pursuant to sections 13–4–102(1)(b)[1] and 13–4–110(1)(a),[2] 6A C.R.S. (1987).

---

1.    **13–4–102. Jurisdiction.** (1) Any provision of law to the contrary notwithstanding, the court of appeals shall have initial jurisdiction over appeals from final judgments of the district courts, ..., except in:

    . . . .

    (b) Cases in which the constitutionality of a statute, a municipal charter provision, or an ordinance is in question[.]

2.    **13–4–110. Determination of jurisdiction— transfer of cases.** (1)(a) When a party in interest alleges, or the court is of the opinion, that a case before the court of appeals is not properly within the jurisdiction of the court of appeals, the court of appeals shall refer the case to the supreme court. The supreme court shall decide the question of jurisdiction

## II.

■ On appeal, Dove contends that section 13–80–102(1)(a) violates due process; denies her equal protection under the law; and violates article II, section 6, of the Colorado Constitution. Dove further argues that Delgado should be equitably estopped from raising the statute of limitations as a defense.[3]

■ The principal question for our review is whether section 13–80–102(1)(a) is constitutional. That statute provides that tort actions, including actions for negligence, "shall be commenced within two years after the cause of action accrues, and not thereafter." Moreover, section 13–80–108(1) provides that a cause of action for personal injury "shall be considered to accrue on the date both the injury and its cause are known or should have been known by the exercise of reasonable diligence." We note at the outset that a statute is presumed to be constitutional, and the burden is on the party attacking the statute to establish its unconstitutionality beyond a reasonable doubt. *Palmer v. A.H. Robins Co.*, 684 P.2d 187, 214 (Colo. 1984); *People in the Interest of C.M.*, 630 P.2d 593, 594 (Colo.1981).

### A.

■ Dove first argues that section 13–80–102(1)(a) is so unreasonably short as to deny due process. U.S. Const. amends. V and XIV; Colo. Const. art. II, § 25. The general rule is that a statute of limitations does not violate due process "unless the time fixed by the statute is manifestly so limited as to amount to a denial of justice." *Oberst v. Mays*, 148 Colo. 285, 292, 365 P.2d 902, 905 (1961). "The legislature is the primary judge of whether the time allowed by a statute is reasonable." *Id.; see also Mishek v. Stanton*, 200 Colo. 514, 518, 616 P.2d 135, 138 (1980). Under the facts presented, we do not find that the two-year limitation for filing a negligence action is so unreasonably short as to amount to a denial of justice.

Dove does not dispute that her cause of action accrued on January 27, 1987, the date of the accident. Essentially, she asserts that she was unable to file her claim within the requisite two-year limitations period for tort actions because she had not, in her words, reached "maximum medical improvement" at the time she was required to file her action and was therefore unable to assess with accuracy at that time the extent of her potential future damages. We consider Dove's argument to be without merit.

Dove does not argue that she was unable to ascertain whether she had sustained *any* damage as a result of the accident. In fact, she asserts in her complaint that she incurred damages in excess of $2,500. We fail to see how Dove's uncertainty as to the

in a summary manner, and its determination shall be conclusive.

**3.** After the parties had submitted their appellate briefs in the present action, the Colorado Court of Appeals issued an opinion in *Cox v. Jones,* 802 P.2d 1125 (Colo.App.1990), on June 7, 1990, in which the court held that the three-year statute of limitations under § 13–80–101(1)(j), 6A C.R.S. (1987), governed the plaintiff's tort action arising from an automobile accident. Section 13–80–101(1)(j) provides that "[a]ll actions under the 'Colorado Auto Accident Reparations Act', part 7 of article 4 of title 10, C.R.S." shall be filed within three years after the cause of action accrues.

Following the issuance of the *Cox* opinion, Dove filed a motion requesting permission to file a supplemental brief addressing the applicability of § 13–80–101(1)(j) to her tort action. This court granted the motion on November 2, 1990. Both parties filed supplemental briefs on November 29, 1990. On December 24, 1990, we granted the petition for writ of certiorari in *Cox* to review whether a plaintiff filing a general negligence claim may use the three-year statute of limitations contained in the Colorado Auto Accident Reparations Act, or whether the plaintiff must use the two-year statute of limitations for tort actions contained in § 13–80–102(1)(a).

Generally, issues not presented in the trial court are deemed waived and cannot be raised on appeal. *E.g., Paine, Webber, Jackson & Curtis, Inc. v. Adams,* 718 P.2d 508, 509 (Colo.1986); *Christensen v. Hoover,* 643 P.2d 525, 531 (Colo. 1982); *Matthews v. Tri–County Water Conservancy Dist.,* 200 Colo. 202, 206, 613 P.2d 889, 892 (1980); *City of Aurora v. Aurora Firefighters' Protective Ass'n,* 193 Colo. 437, 441, 566 P.2d 1356, 1358 (1977). Because Dove failed to argue at the trial level the applicability of § 13–80–101(1)(j), we decline to consider that issue on appeal.

extent of her damages prevented the filing of her complaint within the two-year limitations period where the fact of injury was known since the date of her accident. The amount of damages is a matter to be determined at trial, and uncertainty as to the proper award of damages is a question for the trier of fact to resolve. *See Peterson v. Colorado Potato Flake & Mfg. Co.,* 164 Colo. 304, 309–10, 435 P.2d 237, 239 (1967). It is the plaintiff's responsibility to gather sufficient evidence from which the trier of fact can calculate a reasonable award of damages. Dove's failure to reach "maximum medical improvement" is a damages problem to be resolved at trial and in no way affected her ability to file a complaint within the two-year limitations period when she admittedly knew of her injuries since the date of the accident. We therefore hold that section 13–80–102(1)(a) is not unreasonably short so as to violate due process.

### B.

Dove next contends that section 13–80–102(1)(a) violates her right to equal protection of the law. U.S. Const. amend. XIV; Colo. Const. art. II, § 25. She argues that the applicable statute of limitations was shortened from six years to two years only eight months prior to her accident; therefore, by virtue of the date on which her accident occurred, Dove became a member of a class of individuals burdened by the shorter limitations period. We find no merit in this constitutional challenge.

■ For the purposes of equal protection analysis in Colorado, where a legislative enactment impacts on a fundamental right or creates a suspect classification, the state has the burden of establishing that the statute is necessarily related to a compelling governmental interest. *Austin v. Litvak,* 682 P.2d 41, 49 (Colo.1984); *Lujan v. Colorado State Bd. of Educ.,* 649 P.2d 1005, 1015 (Colo.1982). In the absence of a statutory infringement on a fundamental right or creation of a suspect class, classes of persons may be treated differently without violating equal protection guarantees if the statutory classification has some rea-

sonable basis in fact and bears a rational relationship to a legitimate state purpose. *Austin,* 682 P.2d at 49; *Yarbro v. Hilton Hotels Corp.,* 655 P.2d 822, 827 (Colo.1982); *Lujan,* 649 P.2d at 1016. The party challenging the statutory classification bears the burden of proving beyond a reasonable doubt that the statutory classification is unreasonable or, if reasonable, is unrelated to any legitimate governmental objective. *Persichini v. Brad Ragan, Inc.,* 735 P.2d 168, 174–75 (Colo.1987); *Lee v. Colorado Dep't of Health,* 718 P.2d 221, 227 (Colo. 1986).

■ The creation of a suspect class is not involved here, and, contrary to Dove's assertions, the right to recover damages in tort is not a fundamental right. *Austin,* 682 P.2d at 49–50. We therefore reject the strict scrutiny test and apply instead the rational basis test.

■ In essence, Dove argues that it is unconstitutional for the legislature ever to reduce a statute of limitations since such an amendment would create a class of persons who would no longer be affected by the repealed statute. It is, however, clearly within the legislature's domain to amend statutes of limitations to shorten or lengthen the time after which certain actions shall not be brought. *Edelstein v. Carlile,* 33 Colo. 54, 57, 78 P. 680, 681 (1904). Moreover, as previously stated, it is for the legislature to determine whether the time allowed by a statute is reasonable. *Mishek v. Stanton,* 200 Colo. 514, 518, 616 P.2d 135, 138 (1980); *Oberst v. Mays,* 148 Colo. 285, 292, 365 P.2d 902, 905 (1961). The purpose of a statute of limitations is to promote justice, discourage unnecessary delay, and forestall the prosecution of stale claims. *Colorado State Bd. of Medical Examiners v. Jorgensen,* 198 Colo. 275, 279, 599 P.2d 869, 872 (1979). In our view, the two-year limitations period under section 13–80–102(1)(a) is reasonably related to these legitimate governmental purposes. Indeed, the shorter time period not only compels parties to move their cases through the court system in a more timely manner, but it reduces the possibility that intervening factors will arise to cloud the

issues of causation and damages. By forcing parties to use diligence in pursuit of their claims, the two-year limitations period meets the purposes served by statutes of limitations. Dove, in our view, has failed to demonstrate that the two-year period is unreasonable. We therefore find that section 13–80–102(1)(a) does not violate equal protection guarantees.

### C.

■ Dove next contends that section 13–80–102(1)(a) deprives her of access to the courts in violation of article II, section 6, of the Colorado Constitution, which provides that "[c]ourts of justice shall be open to every person, and a speedy remedy afforded for every injury to person, property or character." We hold that section 13–80–102(1)(a) does not violate the equal justice provision. That provision merely provides that if a right does accrue under the law, the courts must be available to effectuate that right. *O'Quinn v. Walt Disney Prods.*, 177 Colo. 190, 195, 493 P.2d 344, 346 (1972); *Goldberg v. Musim*, 162 Colo. 461, 469, 427 P.2d 698, 703 (1967); *Vogts v. Guerrette*, 142 Colo. 527, 532, 351 P.2d 851, 854 (1960). Dove was not denied access to the courts; rather, she failed to pursue her vested right in a timely manner. We therefore refuse to invalidate the statute on this basis.

### D.

Finally, Dove argues that Delgado should be equitably estopped from raising the statute of limitations as a defense. Dove maintains that, while the limitations period was running, Delgado's insurer communicated a desire to settle Dove's claim and that these settlement discussions led Dove to believe that litigation would be unnecessary.

■ The doctrine of estoppel is not favored, *University of Colorado v. Silverman*, 192 Colo. 75, 79, 555 P.2d 1155, 1158 (1976), and will be applied only when all of the elements constituting an estoppel are clearly shown. *Susman v. Exchange Nat'l Bank*, 117 Colo. 12, 15, 183 P.2d 571, 573 (1947). There are four basic elements to an estoppel: (1) The party to be estopped must know the facts; (2) this party also must intend that her conduct be acted on or must so act that the party asserting the estoppel has a right to believe the other party's conduct is so intended; (3) the party asserting the estoppel must be ignorant of the true facts; and (4) the party asserting the estoppel must rely on the other party's conduct to her injury. *Department of Health v. Donahue*, 690 P.2d 243, 247 (Colo.1984).

■ Dove has wholly failed to demonstrate how each of these elements applies in the present case. Moreover, we consider Dove's reliance on settlement discussions with Delgado's insurer to be an unreasonable justification for failing to file within the requisite period of time. *See Silverman*, 192 Colo. at 79, 555 P.2d at 1158. We therefore reject Dove's contention that Delgado must be estopped from raising the statute of limitations as a defense.

Judgment affirmed.