**Dilworth JONES, Petitioner,**

v.

**Sara COX, Respondent.**

**No. 90SC479.**

Supreme Court of Colorado,
En Banc.

April 6, 1992.

Rehearing Denied April 27, 1992.

Alan Epstein, William James Barber, Hall & Evans, Denver, for petitioner.

David A. Bauer, David A. Bauer, P.C., Lakewood, for respondent.

Steven G. Francis, Fischer, Howard & Francis, Fort Collins, for amicus curiae Colorado Trial Lawyers Ass'n.

James D. Johnson, Blunk, Johnson & Johnson, Denver, for amicus curiae Colorado Defense Lawyers Ass'n.

Justice MULLARKEY delivered the Opinion of the Court.

We granted certiorari to consider whether the court of appeals erred in reversing the trial court's dismissal of a personal injury action on the grounds that the action failed to comply with the two-year statute of limitations set forth in section 13–80–102(1)(a), 6 C.R.S. (1986 Supp.), and also to consider the issue of whether the applicable statute of limitations began running at the date the physical injury was incurred as opposed to when the threshold requirement of section 10–4–714(1)(e), 4 C.R.S. (1973 & 1986 Supp.), was met. The court of appeals held that because section 13–80–

101(1)(j), 6 C.R.S. (1986 Supp.), specifically addresses the particular class of cases represented by this case, unlike the more general section 13–80–102(1)(a), the three-year statute of limitations of section 13–80–101(1)(j) is appropriate here. *Cox v. Jones,* 802 P.2d 1125 (Colo.App.1990). We affirm and also hold that the statute of limitations begins to run from the date the physical injury and its cause were known or should have been known by the exercise of reasonable diligence.

## I.

Sara Cox, the respondent, and Dilworth Jones, the petitioner, were involved in a motor vehicle accident on October 7, 1986. Both parties were insured. Cox incurred medical expenses as a result of the injuries she received. It was not until November 28, 1986 that Cox's medical expenses exceeded $2,500.00, which was the threshold requirement for bringing an action against a third-party tortfeasor under section 10–4–714(1)(e) of the Colorado Auto Accident Reparations Act (Act) (also referred to as the No–Fault Act). On October 11, 1988, Cox filed a personal injury action against Jones.

After Cox filed her complaint, Jones filed a motion to dismiss pursuant to C.R.C.P. 12(b)(5) and for attorney fees on the grounds that the action was barred by the two-year statute of limitations of section 13–80–102(1)(a). Cox responded to the motion by stating that her cause of action accrued only after she met the threshold requirement for bringing the action, and therefore, she had properly filed within the two-year period requirement. The trial court ruled that the cause of action accrued on the date of the accident. Therefore, the court dismissed the complaint as failing to comply with the two-year statute of limitations.

## II.

■ Jones argues that the court of appeals stretched the clear meaning of section 13–80–101(1)(j) by holding that an ordinary negligence action involving an automobile accident is an action brought under the No–Fault Act. Section 13–80–101(1)(j) states:

(1) The following civil actions, regardless of the theory upon which suit is brought, or against whom suit is brought, shall be commenced within three years after the cause of action accrues, and not thereafter:

\* \* \* \* \* \*

(j) All actions under the "Colorado Auto Accident Reparations Act", part 7 of article 4 of title 10, C.R.S.

§ 13–80–101(1)(j), 6 C.R.S. (1986 Supp.). Jones argues that the term "under" is plain and unambiguous in the context of section 13–80–101 and means that only first party claims by insureds against insurers are claims arising under the Act and are governed by its statute of limitations. He argues, therefore, that because the nature of the action here is a tort, the statute of limitations which is generally applicable to torts should apply. Section 13–80–102(1)(a) provides:

(1) The following civil actions, regardless of the theory upon which suit is brought, or against whom suit is brought, shall be commenced within two years after the cause of action accrues, and not thereafter:

(a) Tort actions, including but not limited to actions for negligence, trespass, malicious abuse of process, malicious prosecution, outrageous conduct, interference with relationships, and tortious breach of contract.

§ 13–80–102(1)(a), 6 C.R.S. (1986 Supp.).

Citing *Persichini v. Brad Ragan, Inc.,* 735 P.2d 168 (Colo.1987), the court of appeals concluded that where there are two applicable statutes of limitation, the more specific one should control. Therefore, it applied the statute of limitations found in section 13–80–101(1)(j), which specifically applies to actions under the Act, rather than the statute of limitations found in section 13–80–102(1)(a), which generally applies to torts. The court of appeals concluded that interpreting section 13–80–101(1)(j) as Jones suggests comports with

neither the plain language of the statute nor its legislative intent. We agree.[1]

Our primary task in construing a statute is to determine and give effect to the intent of the General Assembly. *Woodsmall v. Regional Transportation District*, 800 P.2d 63, 67 (Colo.1990); *Kern v. Gebhardt*, 746 P.2d 1340, 1344 (Colo. 1987). To determine legislative intent, we must look primarily to the language of the statute itself and then give effect to the statutory terms in accordance with their commonly accepted meaning. *Woodsmall*, 800 P.2d at 67; *Kern*, 746 P.2d at 1344. When the statutory language is clear and unambiguous, there is no need to resort to interpretive rules and statutory construction. *Woodsmall*, 800 P.2d at 67; *Griffin v. S.W. Devanney and Co., Inc.*, 775 P.2d 555, 559 (Colo.1989). However, if the intended scope of the statutory language is unclear a court may consider " 'the consequences of a particular construction.' " *Woodsmall*, 800 P.2d at 67 (quoting § 2–4–203(1)(e), 1B C.R.S. (1980)).

The particular language of section 13–80–101 with which we are concerned is the word "under" in the term "all actions under the 'Colorado Auto Accident Reparations Act', part 7 of article 4 of title 10, C.R.S." Jones argues that this section was meant to address only first-party claims between insurers and their insureds. On the other hand, Cox argues that the Act was intended to regulate persons owning and operating motor vehicles in this state and all claims for damages resulting from such ownership and operation. ·

The word "under" is defined as "within the grouping or designation of." *Webster's Third New International Dictionary* 2487 (1986). Therefore, it is neces-sary to determine whether the General Assembly intended personal injury negligence actions brought by an insured, against the operator of the other vehicle involved in an accident, to be within the designation of the Act. Because the intended scope of the word "under" is not clear and unambiguous, we will look closer at the purpose of the Act and the consequences of the particular construction urged by Jones.

The purpose behind the "No–Fault" provisions, section 10–4–701, *et seq.*, is made clear in section 10–4–702:

> The general assembly declares that its purpose in enacting this part 7 is to avoid inadequate compensation to victims of automobile accidents; to require registrants of motor vehicles in this state to procure insurance covering legal liability arising out of ownership or use of such vehicles and also providing benefits to persons occupying such vehicles and to persons injured in accidents involving such vehicles.

§ 10–4–702, 4A C.R.S. (1987). Under the Act, all registrants of motor vehicles are required to be insured. § 10–4–705, 4A C.R.S. (1987). Motorists involved in automobile accidents recover from the insurers on a no-fault basis and "the minimum coverages required" are set out in section 10–4–706, 4A C.R.S. (1987 & 1991 Supp.). The General Assembly intended to place a duty upon the insurer to pay all the medical expenses which an insured[2] incurs by reason of an accident, irrespective of who might have been the tortfeasor. *In re United States Court of Appeals v. Criterion Ins. Co.*, 198 Colo. 132, 135, 596 P.2d 1203, 1205 (1979). In this way, victims of automobile accidents are compensated and the amount of litigation arising out of automobile accidents is reduced.

**1.** In *Dove v. Delgado*, 808 P.2d 1270 (Colo.1991), we affirmed a trial court order granting summary judgment against a plaintiff injured in an automobile accident because she had failed to comply with the two-year tort statute of limitations. Our decision in *Dove* is not inconsistent with our holding here because the issue in that case was not which statute of limitations was applicable, but rather was whether the two-year tort statute of limitations was constitutional. We specifically declined to consider the issue of whether section 13–80–101(1)(j) applied to Dove's claim on the grounds that Dove had failed to raise that issue at trial. *See Dove*, 808 P.2d at 1273 n. 3.

**2.** § 10–4–703(6), 4A C.R.S. (1987), provides:

"Insured" means the named insured, relatives of the named insured who reside in the same household as the named insured, or any person using the described motor vehicle with the permission of the named insured.

"[T]he Act limits tort actions and recoveries." *Cingoranelli v. St. Paul Fire & Marine Ins.*, 658 P.2d 863, 867 (Colo.1983). It abolishes the general rights of both the insured and the insurer to recover against the owner, user, or operator of the other motor vehicle involved in the accident for damages for benefits required to be paid under the Act. § 10–4–713(1), 4A C.R.S. (1987). Actions brought by an insured against a third-party tortfeasor "for damages for bodily injury caused by a motor vehicle accident" are allowed by section 10–4–714, 4A C.R.S. (1987), only in certain cases. As relevant here, such actions are allowed where the accident causes reasonable need for medical services in excess of $2,500.00. Therefore, we conclude that such actions are brought "under" the Act and the legislature intended the three-year statute of limitations to apply.

Our reading of the statute is buttressed by the legislative policy of the Act. One of the purposes of section 10–4–714 is to differentiate between minor and major injuries. *Bushnell v. Sapp*, 194 Colo. 273, 571 P.2d 1100 (1977). However, we have concluded that to deny an automobile accident victim full tort recovery is contrary to the General Assembly's intent in enacting this section. *See Marquez v. Prudential Property and Cas. Ins. Co.*, 620 P.2d 29, 33 (Colo.1980). Tort actions like the one in issue evidently were considered by the legislature to further the legislative objectives of the Act, and thus are allowed under this section. To apply the general two-year statute of limitations, as urged by Jones, would have the effect of prohibiting an insured like Cox from filing suit unless she meets the requirements of the Act, while at the same time denying her the benefits of the Act's special statute of limitations. In light of the legislative purpose of fully compensating the victim, this result seems incongruous and contrary to legislative intent.

At least one other jurisdiction also has held that the longer statute of limitations provided for actions under the state No-Fault Act, rather than the shorter general tort statute of limitations, is applicable to tort actions for personal injuries arising out of a motor vehicle accident. *Troxell v. Trammell*, 730 S.W.2d 525 (Ky.1987), involved an action brought by a motorcyclist against a motorist for personal injuries sustained in a motor vehicle accident. The Supreme Court of Kentucky applied the two-year statute of limitations provided by the state No–Fault Act instead of the one-year personal injury statute of limitations. The court determined that the plain language of the No–Fault Act brought personal injury actions stemming from motor vehicle accidents within its purview and then followed reasoning similar to that of the court of appeals in this case:

> The one-year personal injury statute of limitations, KRS 413.140(1)(a), is a *general* statute of limitations "for an injury to the person of the plaintiff." It does not speak to motor vehicle accidents as such, and, indeed, it is so old that it may well have preexisted the advent of the motor vehicle. On the other hand, KRS 304.39–230(6) is a *special* statute of limitations, part of a comprehensive, integrated code (the MVRA [Motor Vehicle Reparations Act]) applicable to the rights and liabilities of motor vehicle accident victims. Our rules of statutory construction are that a special statute preempts a general statute, that a later statute is given effect over an earlier statute, and that because statutes of limitation are in derogation of a presumptively valid claim, a longer period of limitations should prevail where two statutes are arguably applicable. Thus the statutory language in KRS 304.39–230(6) applies rather than the statutory language in KRS 413.-140(1)(a) in the present situation where the cause of action is both a motor vehicle accident and a personal injury claim.

*Troxell*, 730 S.W.2d at 528. The No–Fault Act of Kentucky is substantially similar to our Act. Section 304.39–060(2)(a), 11A KRS (1988), corresponds to section 10–4–713 of our No–Fault Act by abolishing tort liability to the extent the basic reparation benefits provided for under the No–Fault Act are paid. Section 304.39–060(2)(b) is similar to section 10–4–714 of our Act, dis-

cussed below, and provides for a threshold requirement of $1,000.00:

> In any action of tort brought against the owner, registrant, operator or occupant of a motor vehicle ... a plaintiff may recover damages in tort for pain, suffering, mental anguish and inconvenience because of bodily injury, sickness or disease ... only in the event that the benefits which are paid for such injury as "medical expense" ... exceed one thousand dollars....

§ 304.39–060(2)(b), 11A KRS (1988).

The language of the Kentucky special statute of limitations applies to actions "not abolished" by the No–Fault Act, whereas our special three-year statute of limitations refers to actions brought "under" our No–Fault Act. This distinction is insignificant to our analysis because our No–Fault Act in effect works the same as the Kentucky No–Fault Act. Under Kentucky's act, motor vehicle accident tort claims are abolished only to the extent of basic reparation benefits, and tort actions not abolished are limited by a threshold requirement similar to that under our act. Thus, we find the Kentucky Supreme Court's holding in *Troxell* to be persuasive.

In summary, we hold that because Cox's claim is so intertwined with section 10–4–714 of the Act her claim falls "under" the Act for purposes of section 13–80–101(1)(j). We agree with the court of appeals that section 13–80–101, which is more specifically applicable than section 13–80–102, is the appropriate statute of limitations to apply. *See Persichini*, 735 P.2d at 173. Moreover, notions of fairness dictate that if Cox's ability to file her action is to be limited by the Act, she should enjoy the benefit of the longer statute of limitations that is provided for claims under the Act. Therefore, the trial court erred in granting summary judgment against Cox on the grounds that Cox failed to comply with the two-year statute of limitations generally applied to tort actions.

### III.

■ We also granted certiorari to review the issue of whether the applicable statute of limitations began running at the date the physical injury was incurred as opposed to when the threshold requirement of section 10–4–714(1)(e) was met. The court of appeals found it unnecessary to reach this issue in light of its conclusion that the three-year statute of limitations applied to this action. Although determination of the issue is not dispositive in this case, we address the question because of its importance to litigants and trial courts.

Section 13–80–101(1)(j) provides that actions under the Act "shall be commenced within three years after the cause of action accrues." The legislature has defined when a personal injury cause of action accrues:

> A cause of action for injury to person, property, reputation, possession, relationship, or status shall be considered to accrue on the date both the injury and its cause are known or should have been known by the exercise of reasonable diligence.

§ 13–80–108(1), 6 C.R.S. (1986 Supp.).

Jones argues that the word "injury" should be interpreted to mean physical injury, and, therefore, that the statute of limitations began to run on the date of the accident. Cox, on the other hand, stresses that the statute of limitations does not begin to run until the cause of action has accrued, and that here the cause of action did not accrue until the threshold requirement of section 10–4–714 was met. Cox argues that "injury" means injury upon which a claimant can sustain a cause of action, which she asserts would have occurred only on the day that she met the threshold requirement of the Act. We hold that a cause of action accrues on the date that both the physical injury and its cause were known or should have been known by the exercise of reasonable diligence.

This has long been the law of this state. In *Mastro v. Brodie*, 682 P.2d 1162, 1168 (Colo.1984), we held that the statute of limitations begins to run when the claimant has knowledge of facts which would put a reasonable person on notice of the nature and extent of an injury and that the injury was caused by the wrongful conduct of

another. This is essentially the same standard adopted by the legislature in section 13–80–108(1) two years after *Mastro* was decided. That case also involved the interpretation of the word "injury" under section 13–80–105(1), 6 C.R.S. (1983 Supp.), for purposes of determining when the statute of limitations begins to run in a medical malpractice claim based on lack of informed consent. We interpreted the word "injury" to mean legal, rather than physical, injury because of the important discovery factor in medical malpractice cases. The often uncertain nature of injuries and their causes in medical malpractice cases distinguishes those claims from the type of claim at hand for purposes of interpreting the word "injury."[3] Although the "injury" label may differ, basically the same test is applied. The statute of limitations begins to run as soon as the plaintiff is aware, or reasonably should be from the facts known to her, of the physical injury and its cause.

 Furthermore, our primary task here in determining the meaning of "injury" is to ascertain and give effect to the legislative intent. *Woodsmall*, 800 P.2d at 67. The purpose of statutes of limitation is to promote justice, discourage unnecessary delay and forestall prosecution of stale claims. *Dove v. Delgado*, 808 P.2d 1270 (Colo.1991); *Colorado State Bd. of Medical Examiners v. Jorgensen*, 198 Colo. 275, 599 P.2d 869 (1979). To accept Cox's argument that the statute of limitations should run from the date when the threshold of section 10–4–714 is met would destroy the effectiveness of the statute of limitations by allowing claims to be brought three years after some indefinite period of time in which it might take to reach the threshold amount. No purpose would be served by delaying the running of the statute of limitations because, contrary to Cox's assumption, we conclude that an action may be filed as soon as it is reasonably expected that expenses will exceed $2,500.00.[4]

We construe section 10–4–714(1)(e) to allow an action to be filed before the threshold requirement is actually met, as long as medical expenses are reasonably expected to exceed $2,500.00. This construction is consistent with section 13–80–108(1) and common use of the word "accrue." A cause of action has commonly been understood to "accrue" when a suit may be maintained thereon. *See Black's Law Dictionary* 19 (5th ed. 1979). We conclude that because the language of section 10–4–714

3. *See also Owens v. Brochner*, 172 Colo. 525, 474 P.2d 603 (1970) (in medical malpractice case where physician has concealed his negligence, the cause of action accrues when the patient discovers, or in the exercise of reasonable diligence, should have discovered, the defendant's negligence).

Other types of cases involving injury not easily discovered employ the same type of standard for determining when the statute of limitations begins to run. *See Financial Associates v. G.E. Johnson Construction*, 723 P.2d 135 (Colo.1986) (in malpractice case against architects and engineers, statute of limitations begins to run when the plaintiff discovered, or in the exercise of reasonable diligence should have discovered, alleged "defect" in improvement that produced injury); *Hansen v. Lederman*, 759 P.2d 810 (Colo.App.1988) (statute of limitations for fraud begins to run when defrauded person has knowledge of facts which, in the exercise of proper prudence and diligence, would enable that person to discover the fraud), *cert. denied.*

4. *Dove*, 808 P.2d 1270, clearly foreshadowed our decision in this case. *Dove* rejected the notion that a plaintiff is hindered by the threshold requirement, with respect to the statute of limitations, because we concluded that a person injured in a motor vehicle accident may file an action before she has met the threshold requirement:

> We fail to see how Dove's uncertainty as to the extent of her damages prevented the filing of her complaint within the two-year limitations period where the fact of injury was known since the date of her accident. The amount of damages is a matter to be determined at trial, and uncertainty as to the proper award of damages is a question for the trier of fact to resolve. *See Peterson v. Colorado Potato Flake & Mfg. Co.*, 164 Colo. 304, 309–10, 435 P.2d 237, 239 (1967). It is the plaintiff's responsibility to gather sufficient evidence from which the trier of fact can calculate a reasonable award of damages. Dove's failure to reach "maximum medical improvement" is a damages problem to be resolved at trial and in no way affected her ability to file a complaint within the two-year limitations period when she admittedly knew of her injuries since the date of the accident. We therefore hold that section 13–80–102(1)(a) is not unreasonably short so as to violate due process.

*Dove*, 808 P.2d at 1273–1274.

does not prohibit the filing of a claim before the threshold amount is reached, an action such as that involved in this case may be filed as soon as the threshold amount of $2,500.00 is exceeded or is reasonably expected to be exceeded.

Section 10–4–714(1)(e) states in relevant part:

No person for whom direct benefit coverage is required ... shall be allowed to *recover* against an owner, user, or operator of a motor vehicle ... except in those cases in which there has been caused by a motor vehicle accident ... reasonable need for services of the type described in section 10–4–706(1)(b) and (1)(c) [including medical expenses] having a reasonable value in excess of two thousand five hundred dollars.

§ 10–4–714(1)(e), 4 C.R.S. (1973 & 1986 Supp.) (emphasis added). The statute merely prohibits a person from recovering, not from filing an action, if she does not reach the threshold. If a person reasonably expects that medical expenses will exceed $2,500.00, she may file her action. Her medical expenses are a matter for proof at trial. In any case, to require a victim of a motor vehicle accident to wait until expenses exceed $2,500.00 before she may file her claim, while allowing the statute of limitations to run from the date that she knows of her physical injury and its cause, would be unjust.

Therefore, we disapprove of *Pistora v. Rendon*, 765 P.2d 1089 (Colo.App.1988), in which the court of appeals held that an action which was filed before the threshold amount of section 10–4–714 was reached should have been dismissed without prejudice. In that case, the injured victims of an automobile accident had received medical treatment, the value of which was $1,800.00 at the time the action was filed. Because the treatment was of an ongoing nature, the plaintiffs expected medical expenses to exceed the $2,500.00 threshold in the foreseeable future. We believe that dismissal of an action in those circumstances is contrary to the legislative objective of fully compensating victims of motor vehicle accidents.

Here, it is not disputed that Cox incurred her physical injury on October 7, 1986, when the automobile accident occurred, and that she was aware of both her injury and its cause on that date. Therefore, she had the requisite knowledge for the claim to accrue and the statute of limitations to begin running on October 7, 1986. By filing her negligence action on October 11, 1988, Cox successfully complied with the three-year statute of limitations provided by section 13–80–101(1)(j).

IV.

Accordingly, we affirm the judgment of the court of appeals on the ground that the three-year statute of limitations of section 13–80–101(1)(j) applies to Cox's personal injury action against Jones. The plain language of section 10–4–714 addresses tort actions, filed by a motorist against the owner, operator or user of the other vehicle for damages for personal injuries, and thus brings such actions within the purview of the Act. Because the threshold requirement of the Act governs the ability of an insured to bring this action in the first place, this kind of action arises under the Act for purposes of section 13–80–101(1)(j). In addition, we hold that the statute of limitations begins to run from the date that the physical injury and its cause are known, or should have been known by the exercise of reasonable diligence. Thus, because Cox filed her action within three years after October 7, 1986, she successfully complied with the statute of limitations and the trial court erred in granting Jones's motion for summary judgment.

Judgment affirmed.

Chief Justice ROVIRA concurs in part and dissents in part.

Chief Justice ROVIRA concurring in part and dissenting in part:

The majority holds that Sara Cox's claim is governed by the three-year statute of limitations in section 13–80–101(1)(j), 6A C.R.S. (1987), as opposed to the two-year statute of limitations governing tort actions in section 13–80–102, 6A C.R.S. (1987),

because her claim against Dilworth Jones is an action *under* the Colorado Auto Accident Reparations Act (Act). I believe that a negligence claim arising out of an automobile collision is not brought under the Act. Accordingly, I respectfully dissent to part II of the majority opinion.

I

Section 13–80–101(1)(j), provides that all actions brought *under* the Act shall be commenced within three years after the cause of action accrues. The majority holds that Cox's claim comes under the Act for purposes of section 13–80–101(1)(j), because she has insurance, and as an insured her "claim is so intertwined with section 10–4–714 of the Act her claim falls 'under' the Act" and, therefore, her claim is governed by the three-year statute of limitations. Maj. op. at 223. I disagree. An action brought by a person injured in an automobile accident against another driver alleging negligence is a common law tort action. The Act is intended to govern first-party claims, such as actions between an insured and that person's insurance company. In this case, the Act would govern claims between Cox and her insurance company. The Act does not govern third-party tort actions arising from automobile accidents, and it does not create a cause of action in tort. The Act merely conditions a claimant's right to recover until one of the statutory thresholds set forth in section 10–4–714, 4A C.R.S. (1987), is met.

The Act must be read in its entirety to carry out the intention of the General Assembly. *Marquez v. Prudential Property & Casualty Ins. Co.,* 620 P.2d 29, 31 (Colo. 1980). Throughout the Act, there is a focus on protection of insureds in their relationship with their own insurance company. The purpose of the Act is to avoid inadequate compensation to victims of automobile accidents, section 10–4–702, 4A C.R.S. (1987), to provide claimants with a direct claim in contract against their insurance company if it fails to pay or delays payment of benefits, and to make the insured's insurance company liable for attorneys fees and under certain circumstances obligated

to pay treble damages if it fails to pay benefits when due. § 10–4–708, 4A C.R.S. (1987). Thus, the Act establishes a statutory framework for protection of insureds as against their insurer, and provides the basis for a cause of action against the insurers who fail to comply with the terms of the insurance policies they sell.

The Act does not abolish common law tort actions involving motor vehicles, nor does it contain any language creating tort actions. The majority contends that "[a]ctions brought by an insured against a third-party tortfeasor 'for damages for bodily injury caused by a motor vehicle accident' are allowed by section 10–4–714, 4A C.R.S. (1987), only in certain cases" and concludes that these limited actions are brought under the Act. Maj. op. at 221–222. The language in section 10–4–714, however, does not authorize or prohibit one from bringing an action, but merely conditions *recovery* in certain cases. One may bring an action for bodily injuries, but one may not recover without meeting one of the threshold requirements of section 10–4–714. *See* maj. op. at 225. Because the Act specifically conditions only recovery for bodily injury, and does not authorize the cause of action, I do not find that Cox's claim falls under the Act. Such an interpretation in no way impedes the intent of the General Assembly to avoid inadequate compensation to victims of automobile accidents, as two years is not an unreasonable time in which to file a negligence claim. *Dove v. Delgado,* 808 P.2d 1270, 1273 (Colo. 1991).

The three-year statute of limitations in section 13–80–101(1)(j) pertains to claims between Cox and her insurance company. Such claims are distinct in character from tort claims. *Cingoranelli v. St. Paul Fire & Marine Ins. Co.,* 658 P.2d 863, 868 (Colo. 1983). Claims under the Act by insureds against their insurer are contractual or quasi-contractual. *Id.* at 869. Because of the contractual nature of such claims, the General Assembly provided a three-year statute of limitations for them, consistent with the statutes of limitations for other contract actions. The General Assembly

did not intend to include tort actions within this three-year statute of limitations.

The majority relies on *Troxell v. Trammell*, 730 S.W.2d 525 (Ky.1987), to support its position that Cox's claim arises under the Act. Maj. op. at 222. In *Troxell*, in determining the statute of limitations for an injury in a motor vehicle accident, the Supreme Court of Kentucky applied the two-year statute of limitations provided by the state No Fault Act, rather than the one-year personal injury statute of limitations. The Kentucky No Fault statute is similar to ours in that it conditions recovery on the claimant's ability to meet one of the specified threshold requirements. Ky. Rev.Stat.Ann. § 304.39–060(2)(b) (Michie/Bobbs–Merrill 1988). The Kentucky statute, however, is distinguishable from our statute, as it expressly abolishes tort liability in some instances. "Tort liability with respect to accidents occurring in this Commonwealth and arising from the ownership, maintenance, or use of a motor vehicle *is 'abolished'* for damages because of bodily injury, sickness or disease to the extent the basic reparation benefits provided in this subtitle are payable therefor. . . ." Ky.Rev.Stat.Ann. § 304.39–060(2)(a) (Michie/Bobbs–Merrill 1988) (emphasis added). As stated earlier, the Colorado Act does not abolish tort liability, but merely conditions recovery.

As previously noted, the majority finds Cox's claim so intertwined with the threshold provisions of the Act that it falls under the Act. Section 10–4–715, 4A C.R.S. (1987), provides that the threshold provisions of the Act do not apply to actions against a negligent driver who is not actually covered by a complying auto policy.[1] Therefore, under the majority's rationale, a three-year statute of limitations would apply to a claim against a tortfeasor with insurance, while the shorter two-year statute of limitations would apply to claims against an uninsured motorist. To allow this result would lead to an uninsured motorist, who has not complied with the law, having the advantage of protection from suit provided by a shorter statute of limitations, while a law abiding motorist would be subject to a longer statute of limitations. Having such inconsistent results for the uninsured and the insured, and rewarding the driver who is uninsured, cannot have been the intent of the legislature.

Further supporting my conclusion that the legislature did not intend the three-year statute of limitations to apply to tort actions arising from motor vehicle accidents is that the threshold provisions in section 10–4–714 apply only to claims for bodily injury. Hence, under the majority analysis, the same cause of action would create two statutes of limitations. A claim for bodily injury, arising out of an automobile accident in which one party had a complying auto policy, would fall under the three-year statute of limitations, while a claim for property damage arising from the same cause of action would fall under the two-year statute of limitations.[2] There is no reason to assume that the General Assembly intended there to be two different statutes of limitations for motor vehicle accidents. This unusual result should not be permitted, unless the legislative intent plainly expresses otherwise. *See City & County of Denver v. Holmes*, 156 Colo. 586, 590, 400 P.2d 901, 903 (1965).

Finally, there are instances in which a person injured in a two-car accident has claims against persons other than the own-

---

1. Section 10–4–715 states:

 Nothing in this part 7 shall be construed to limit the right to maintain an action in tort by either a provider of direct benefits . . . or by a person who has been injured or damaged as a result of an automobile accident against an alleged tortfeasor where such alleged tortfeasor was . . . required to be covered under [the Act, but] was not, at the time of the occurrence of the alleged tortious conduct, actually covered. . . .

2. Although there are no Colorado cases expressing that a simultaneous injury to person and property gives rise to a single cause of action, the majority of jurisdictions (35 states) follow that approach. Andrea G. Nadel, Annotation, *Simultaneous Injury to Person and Property As Giving Rise to Single Cause of Action—Modern Cases*, 24 A.L.R.4th 646 (1983). Neither the Colorado statutes nor the Colorado court rules treat a claim for personal injury and a claim for property damage arising out of the same accident as separate causes of action.

er of the other vehicle, such as the unauthorized driver of the other car or a manufacturer. If there were different statutes of limitations for these claims, it would lead to obvious inconsistencies and litigation problems.

Section 10–7–714 addresses the threshold which must be met to allow recovery in a tort action; it is not determinative of which statute of limitations applies. Accordingly, I respectfully dissent to part II of the majority opinion.