Peggy DENEAU, individually and on behalf of the heirs at law of Evan Deneau, deceased; Robert and VerJean Francoeur, individually and on behalf of the heirs at law of Sharon M. Francoeur, a/k/a Sharee Francoeur, deceased, Plaintiffs–Appellants,

v.

The STATE of Colorado; The Department of Transportation of the State of Colorado; The Department of Natural Resources of the State of Colorado; and The Division of Wildlife of the State of Colorado, Defendants–Appellees.

No. 93CA0630.

Colorado Court of Appeals,
Div. III.

June 2, 1994.

Rehearing Denied July 14, 1994.

Certiorari Denied Nov. 15, 1994.

Sears, Anderson & Swanson, P.C., Leland P. Anderson, Denver, for plaintiff-appellant Peggy Deneau.

Brian A. Jeffrey, P.C., Fred D. Wells, Evergreen, for plaintiffs-appellants Robert and VerJean Francoeur.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Thomas C. Sullivan, Asst. Atty. Gen., Denver, for defendants-appellees.

Opinion by Chief Judge STERNBERG.

In this consolidated wrongful death action, plaintiffs, Peggy Deneau, individually and on behalf of the heirs of Evan Deneau, deceased, and Robert and VerJean Francoeur, individually and on behalf of the heirs of Sharon M. Francoeur, deceased, appeal from the judgment dismissing their complaints against defendants, The State of Colorado, its Department of Transportation, its Department of Natural Resources, and its Division of Wildlife. We affirm.

■ Decedents Evan Deneau and Sharee Francoeur were fatally injured in an automobile accident on Colorado Highway 470 in November 1990. In their complaints, plaintiffs alleged that Deneau and Francoeur were ejected from the passenger compartment after the driver swerved to avoid striking a deer and lost control of the vehicle. In addition, plaintiffs alleged that defendants were negligent in failing to place fences along the right-of-way to prevent deer from enter-

ing the traveled portions of the roadway and that the deer crossing on the traveled portion of the highway created an unreasonable hazard to the traveling public.

Defendants moved to dismiss the complaints pursuant to C.R.C.P. 12(b)(1) and C.R.C.P. 12(b)(5) asserting that the actions were barred by the wildlife statute, § 33–3–103(1)(c), C.R.S. (1984 Repl.Vol. 14), which provides that the state shall not be liable for injury to or the death of any person caused by wildlife.

Plaintiffs filed responses in opposition to the motions claiming that defendants' negligence created a dangerous condition on a public highway that interfered with the movement of traffic. Therefore, they asserted that the complaint alleged sufficient facts to support a claim expressly authorized by § 24–10–106(1)(d), C.R.S. (1988 Repl.Vol. 10A) of the Colorado Governmental Immunity Act (GIA).

They argued that wildlife was not the cause of their damages; instead, the cause was defendants' negligence in constructing and maintaining the roadway. Thus, the plaintiffs reasoned that the wildlife statute should not be construed to expand the limited immunity granted by the GIA. Rejecting these arguments, the trial court dismissed the complaint, and this appeal followed.

■ The issue to be determined is whether provisions of the GIA either directly or by implication repeal the wildlife statute. To decide this question, we apply certain general principles of statutory construction. First, in interpreting a statute, legislative intent is the lodestar. *Beth Israel Hospital & Geriatric Center v. District Court,* 683 P.2d 343 (Colo. 1984). To determine legislative intent, we look to the plain language of the statute. *Van Waters & Rogers, Inc. v. Keelan,* 840 P.2d 1070 (Colo.1992). And, if the language of the statute is clear and unambiguous, there is no need to employ further interpretive rules of statutory construction. *Jones v. Cox,* 828 P.2d 218 (Colo.1992).

Section 33–3–103(1)(c) of the wildlife statute is short, simple, and, in our view, determinative. It provides that the state shall not be liable for: "Injury to or the death of any

person caused by wildlife...." The language of the statute is unambiguous; thus, it needs no further interpretation. *Jones v. Cox, supra.*

The question becomes whether the GIA creates an exception to the wildlife statute. Under that provision, a public entity is immunized from liability for claims which "lie in tort or could lie in tort" with certain exceptions which waive the immunity. The specific exception argued as applicable here relates to a dangerous condition of a highway which "physically interferes with the movement of traffic." § 24–10–106(1)(d). Thus, the argument is that the public highway waiver of the defense of sovereign immunity either expressly or impliedly amends or repeals the wildlife statute. We do not agree with this argument. We rule that the more specific law, the wildlife statute, controls.

In *State Department of Highways v. Mountain States Telephone & Telegraph Co.,* 869 P.2d 1289 (Colo.1993), the supreme court was faced with issues of statutory construction that presented an apparent tension between two statutes. The Excavation Requirements Statute obligated excavators to determine the location of underground facilities before commencing work. In violation of that statute, employees of the highway department relocated a traffic control sign without determining the location of underground facilities. Shortly after the replacement, it was discovered that a conduit protecting an underground telephone cable had been damaged, resulting in disruption of telephone service. The telephone company sued for damages, alleging negligence in failing to determine the location of underground facilities as required by the excavation statute. The state claimed it was immune under the GIA.

The supreme court held that the GIA barred recovery. In reaching this conclusion, the court noted that the legislative intent in the GIA was clear, in that it barred actions against public entities for any injury that lies or could lie in tort. The court then noted that, while the General Assembly had carved out some exceptions in which the defense of sovereign immunity is waived, none of them either explicitly or implicitly

waives the defense of sovereign immunity for negligent excavations.

The issue before us is in some ways the converse of that faced in *State Department of Highways, supra.* Here, the plaintiffs predicate their claim on that part of the GIA that waives immunity.

Applying the reasoning of *State Department of Highways, supra,* we see nothing in the exception to the doctrine of sovereign immunity contained in § 24–10–106(1)(d) of the GIA that repeals the wildlife statute, either directly, or by implication.

The plaintiffs correctly point out that if we hold that the state can have no liability in this case arising from an incident in which a deer runs on the highway, there is an apparent inconsistency with other cases in which liability was found when a cow wandered onto the highway, *Colorado v. Moldovan,* 842 P.2d 220 (Colo.1992), or when the injury was incurred when a boulder rolled off an adjoining hillside onto the highway. *Schlitters v. Colorado,* 787 P.2d 656 (Colo.App.1989). Nevertheless, the different statutes involved explain this apparent inconsistency and, in our view, harmonize the cases.

In *Colorado v. Moldovan, supra,* the supreme court held that liability could exist if a plaintiff was injured when a cow ran onto the highway and was struck by plaintiff's vehicle. However, liability there was predicated on a violation of the fence law, § 35–46–101, et seq., C.R.S. (1987 Repl.Vol. 14). Before the *Moldovan* court reached the issue whether a plaintiff had a private cause of action under the fence law, it had first determined that the cause of action fell into an express exception to sovereign immunity. In a later explanation of *Moldovan,* the supreme court noted: "[I]f another statute is involved, and it imposes a duty on the state, the state could be liable for breach of that duty, but only if first it is determined that sovereign immunity is waived for the activity in question." *State Department of Highways, supra,* at 1292.

Here, the situation is reversed from that encountered in *Moldovan.* The wildlife statute specifically provides that the state shall not be liable for injury to or the death of any person caused by wildlife. Instead of creating a claim for relief, as does the fence law, it obliterates such a claim.

Nor do we view *Schlitters v. Colorado, supra,* as requiring a contrary result. There, a division of this court held that a boulder rolling onto a highway could constitute a dangerous condition of the highway and, therefore, the claim was covered by the dangerous condition of a highway exception. Contrary to the situation in this case, there was no statute that protected the state from liability in such circumstances.

Consequently, we agree with the trial court that it did not have subject matter jurisdiction, and therefore, the judgment dismissing the complaint is affirmed.

JONES and KAPELKE, JJ., concur.